THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDITH J. MARTIRANO, Appellant.

County Court, Westchester County, November 2, 1966.

*Leonard Rubenfeld, District Attorney,* for respondent. *McGoey & Martirano* for appellant.

P. RAYMOND SIRIGNANO, J. Defendant appeals from a speeding conviction rendered in the Court of Special Sessions of the

Village of Bronxville, whereby defendant was found guilty of violating an ordinance governing the speed of vehicles, in that defendant was operating her automobile at a rate of 44 miles per hour in a 30 mile-per-hour zone.

Defendant's affidavit of appeal enumerates a number of claimed errors which defendant asserts would entitle her to reversal. There is but one claimed error that this court need consider; that is, that it was not sufficiently established in the lower court that the radar unit was accurate. The People called two witnesses, both patrolmen employed by the Village of Bronxville. The transcript of the testimony indicates the following with respect to the setting up of the radar on the day of the instant claimed violation. '' McCann: When you set it up — you hook it up to your ignition — you hook up the thing (I don't know what you call it) that looks out the back which picks up the vehicle — I call it the bulb — after all is in readiness and the adjustments are set then we have what we call a tuning fork — if you strike it on a piece of metal or on concrete and hold it before the bulb of the radar unit will register at the speed of 40 m.p.h. This morning I did this and I got a perfect reading of 40 m.p.h.'' There are other references to the setting up and testing of the radar; but they in no way expand the above testimony.

In the case of *People* v. *Sachs* (1 Misc 2d 148) the Judge, at page 156 of that opinion, by way of dicta sets forth his opinion as to the requirements of proof in order to establish the accuracy of a particular radar unit. In the instant case the only evidence concerning this defendant's speed is the radar reading. In order for her conviction to be sustained, that radar reading must have been taken from a tested radar unit. (*People* v. *Heyser,* 2 N Y 2d 390, 393.)

This court is not taking a position that the criteria set forth in the *Sachs* case must be followed to the absolute letter. It is, however, taking the position that the accuracy of the radar unit, in order for it to be considered tested and in order for it to alone support a conviction for speeding beyond a reasonable doubt, must be established by clear, convincing and unequivocal proof and beyond a reasonable doubt. In this case there is no proof that the tuning fork was accurate. It is certainly not beyond the realm of possibility that its pitch had been some way affected so that it was no longer an accurate fork. The fork is a so-called 40 mile per hour fork and when it was used the radar unit registered a speed of 40 miles per hour. It is not inconceivable that the unit and the fork were inaccurate to and in the same degree.

This court holds that the accuracy of the radar unit was not sufficiently established. To hold otherwise would be to destroy the requirements of proof in a case of this sort. Accordingly, the conviction is reversed, the information is dismissed and the fine is remitted.