CITY OF ST. LOUIS, Respondent,

v.

Thomas B. MARTIN, Appellant.

No. 37938.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 8, 1977.

Thomas B. Martin, pro se.

Jack L. Koehr, City Counselor, Judith A. Ronzio, Asst. City Counselor, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant has appealed from a judgment convicting him of driving 45 miles an hour in a 25-mile-an-hour zone. He was fined $25 and costs.

The City's evidence: On September 26, 1975 St. Louis City police officer Birdsong was operating a VASCAR Unit.[1] He had tested the equipment for accuracy with a stopwatch. He was parked when he saw defendant driving at what he "felt to be a speed exceeding the speed limit." He activated the VASCAR Unit and after following the proper procedure for VASCAR operation, he obtained an average speed of defendant's automobile at 45.6 miles an hour in a 25-mile-an-hour zone.

On appeal defendant contends the trial court erred in overruling his motion for judgment because of insufficient evidence. Both parties rely on decisions of our courts dealing with the use of radar evidence in speeding cases. In *State v. Graham*, 322 S.W.2d 188 (Mo.App.1959), it appeared to the court that the value of radar speedometer tests depended upon the accuracy of the measuring device against which it is checked. The particular testing device itself must be shown to be accurate. *City of St. Louis v. Boecker*, 370 S.W.2d 731 (Mo.App.1963). In *Kansas City v. Hill*, 442 S.W.2d 89 (Mo.App.1969) the court agreed with *Graham* and *Boecker*. This court recently endorsed the statement in *Graham* and the holding of *Boecker* in *City of Ballwin v. Collins*, 534 S.W.2d 280 (Mo.App. 1976), wherein we summarized the conclusion reached in the three preceding cases: "The accuracy of a measuring device must be sufficiently shown before the radar read-

1. The VASCAR Unit computes average speed by measuring a vehicle's distance and time.

ing is considered accurate." And, the proponent of the radar evidence has the burden of proving the accuracy of the radar speedometer at the time the accused's speed was checked. *City of St. Louis v. Boecker,* supra, l. c. 734.

The present case differs somewhat from those cited in that VASCAR equipment, instead of radar, was used to measure defendant's speed. VASCAR is an acronym for Visual Average Speed Computer and Recorder. It measures the distance a vehicle travels and the time it takes to travel that distance. An *average* speed of the vehicle is derived by applying the simple mathematical formula: Speed $= \dfrac{D}{T}$.

Our research discloses this is the first time the use of VASCAR has been challenged in our courts and has been challenged in only a few courts of other jurisdictions. In *People v. Persons,* 60 Misc.2d 803, 303 N.Y.S.2d 728 (1969), the court found the key to demonstrating VASCAR accuracy was proof of proper testing. There VASCAR was tested by a stopwatch, the accuracy of which had been tested by WWV, the radio station whose accuracy was universally recognized.

In *Tiffin v. Whitmer,* 32 Ohio Misc. 169, 290 N.E.2d 198, 200 (1970), the court stated: "Thus, the real issue here is whether, after testing the machine over an accurately measured course by an accurate stopwatch on the day in question, Patrolman Brickner accurately measured the speed of the defendant by use of VASCAR." In that case the accuracy of the stopwatch was tested by a jeweler using an electronic testing device.

In *State v. Schmiede,* 118 N.J.Super. 576, 289 A.2d 281, 284 (1972), and *State v. Finkle,* 128 N.J.Super. 199, 319 A.2d 733 (1974) the proponent of the VASCAR readings had evidence the equipment had been tested and calibrated by stopwatches which had been checked that day for accuracy.

The conclusions reached in those cases, like those in our radar cases, is that the value of the VASCAR evidence depends upon the accuracy of the measuring device against which it is checked, and the particular measuring device must be shown to be accurate. "That is true whether the measuring device used is an automobile speedometer, a stopwatch, or a tuning fork." *City of St. Louis v. Boecker,* supra, [3].

■■ Here, the evidence shows the officer drove his car on Highway 40 between the two lines marking off one-half mile, but there is no evidence he performed a test of any kind. He explained he had tested the VASCAR equipment with a stopwatch and that test indicated the VASCAR equipment was accurate. When questioned about the accuracy of the stopwatch, he testified:

"Q. To your knowledge when was the last time that stopwatch had been checked for accuracy?

A. I don't know the exact date. I would have to check with the log that day, the number on the watch and the radio repair, to check when the last time was for the watch to be checked.

   .    .    .    .    .

Q. You don't know whether that stopwatch was accurate on that morning or not do you?

A. No, I do not."

The City, being the proponent of the VASCAR evidence, had the burden of proving its accuracy. The City failed to meet its burden.

Judgment reversed.

DOWD and WEIER, JJ., concur.