160 N.J. Super. 238 (1978)
389 A.2d 512
STATE OF NEW JERSEY, PLAINTIFF,
v.
GEORGE READDING, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal).
Decided May 31, 1978.
*240 Mr. Kevin P. McCann, Assistant County Prosecutor, for plaintiff (Mr. William P. Doherty, Jr., Prosecutor of Cumberland County, attorney).
Mr. Walter F. Gavigan for defendant (Mr. Thomas K.J. Tuso, attorney).
PORRECA, J.C.C. (temporarily assigned).
Defendant was convicted in the Vineland Municipal Court for operating his motor vehicle at 63 m.p.h. in a 50 m.p.h. zone, in violation of N.J.S.A. 39:4-98. This appeal was heard de novo on the transcript of the proceedings below, pursuant to R. 3:23-8(a).
On December 3, 1977 defendant was travelling north on Lincoln Avenue in the City of Vineland when he was clocked travelling 63 m.p.h. in a 50 m.p.h. zone. Proof of defendant's speed was obtained by the use of a Doplar radar speed gun operated by a Vineland patrolman. At the trial in the municipal court the officer produced a certificate of competency with this device issued by the manufacturer.
Defendant contends, among other things, that the State has failed to adequately establish the accuracy of the radar speed gun used to clock his vehicle.
The officer testified that on the date of the alleged offense he had checked the calibration of the radar device with a serialized tuning fork cut at 50 m.p.h. No other tests were performed.
It is well established in this State that our courts will take judicial notice of the general accuracy of radar speed-measuring machines. State v. Dantonio, 18 N.J. 570, 575-583 (1955). Proof of the accuracy of the particular scientific measuring device used is, however, required as a prerequisite to the admissibility of the results obtained therefrom. State v. Finkle, 128 N.J. Super. 199, 207 (App. Div. 1974), aff'd o.b. 66 N.J. 139 (1974) (VASCAR); cf. State v. Johnson, 42 N.J. 146, 171 (1964) (drunkometer); *241 State v. McGeary, 129 N.J. Super. 219, 244 (App. Div. 1974) (breathalyzer).
In State v. Overton, 135 N.J. Super. 443, 446 (Cty. Ct. 1975), the court discussed three universally accepted methods of testing the accurate operation of a radar speed-measuring device:
1. By use of the internal tuning fork built into the machine itself.
2. By running a patrol car with a calibrated speedmeter through the "zone of influence" of the radar machine.
3. By use of external tuning forks calibrated at set speeds and which emit sound waves or frequencies identical to those which would come from a vehicle travelling through the radar at the same speed for which the tuning fork has been cut.
The issue in Overton was whether the external tuning fork test, alone, was sufficient to establish the accuracy of the radar unit. In answering in the affirmative the court held that readings of radar and other speed-measuring machines should be admissible if there is reasonable proof of their accuracy.
Unlike the case at bar, however, the police officer in Overton tested the radar with four different tuning forks, calibrated at 20, 40, 60 and 80 m.p.h. By his own admission, the officer in the case at bar used only a single 50 m.p.h. tuning fork the accuracy of which was not in itself established.
New Jersey case law discloses no hard-and-fast rule of thumb as to what constitutes sufficient proof of accuracy. Other jurisdictions have dealt with the question. See Annotation: "Proof by Radar or Other Mechanical or Electronic Devices of Violation of Speed Regulations," 47 A.L.R.3d 822 (1973).
The use of one or more external tuning forks in connection with other testing devices has generally been found to be sufficient proof of a radar machine's accuracy at the time *242 of operation. State v. Cardone, 146 N.J. Super. 23 (App. Div. 1976) (internal tuning fork, one external tuning fork, two certificates of accuracy), People v. Johnson, 23 Misc.2d 11, 196 N.Y.S.2d 277 (Cty. Ct. 1960) (one external tuning fork and the driving of a test car with an uncalibrated speedometer through the machine's "zone of influence"); People v. Lynch, 61 Misc.2d 115, 117, 304 N.Y.S.2d 985 (Cty. Ct. 1969) (two external tuning forks and internal test calibration of the radar machine itself).
The use of multiple external tuning forks has been held to be sufficient evidence of the radar units accuracy, particularly where the forks themselves have been tested. Kansas City v Hill, 442 S.W.2d 89 (Mo. App. Ct. 1969) (one 35 m.p.h. fork and one 50 m.p.h. fork).
Although one jurisdiction has permitted a speeding conviction to stand where only one tuning fork was used to test the radar machine, People v. Adballah, 82 Ill. App.2d 312, 226 N.E. 2d 408 (App. Ct. 1967), such proof has been elsewhere held to be insufficient evidence of accuracy. People ex rel. McCann v. Martirano, 52 Misc.2d 64, 275 N.Y.S.2d 215 (Co. Ct. 1966).
In People v. Martirano, supra, the court made the following observation:
* * * In this case there is no proof that the tuning fork was accurate. It is certainly not beyond the realm of possibility that its pitch had been some way affected so that it was no longer an accurate fork. The fork is a so-called 40 m.p.h. fork and when it was used the radar unit registered a speed of 40 m.p.h. It is not inconceivable that the unit and the fork were inaccurate to and in the same degree.
In the case at bar the only test performed to check the accuracy of the speed gun was by use of a single 50 m.p.h. tuning fork. At trial a certificate dated 1976 was produced certifying the accuracy of this 50 m.p.h. tuning fork. No other proof was presented.
The court finds this is not sufficient proof of accuracy. It is entirely possible for a particular radar device to *243 function properly and record accurately at 50 m.p.h. but inaccurately at higher speeds. That this is so is evidenced by the generally accepted practice of testing such machines with several tuning forks calibrated at different frequencies.
The need to prove the proper working order of the machine is "most essential in view of the heavy impact the result can have" on the factfinder. State v. Johnson, supra.
In absence of some additional accuracy testing procedure, the use of a single 50 m.p.h. tuning fork is not sufficient to establish the accuracy of the radar device.
Therefore, the radar reading is not admissible and without it in evidence the State has failed to prove beyond a reasonable doubt that the defendant was speeding.
Not guilty. The fine and costs paid below are to be returned to the defendant.
As a general rule, in order for the reading speedmeter to be admissible into evidence, it should be established that:
1. The device is scientifically reliable;
2. The particular speedmeter used in the case being tried is accurate;
3. The operator was qualified;
4. The device was operated properly in the case being tried.
The scientific reliability of radar devices has been generally established and need not be re-proven in every case.
The accuracy of the particular speedmeter should be established by more than one test. If a tuning fork is used, the accuracy of the tuning fork must be established. Either more than one tuning fork at different frequencies or speeds must be used, or in addition to one tuning fork, a patrol car with a calibrated speedmeter (certified) should be driven through the "zone of influence" at various speeds.
The qualification of the operator may be shown by his completion of a training program given by qualified instructors.
*244 The proper operation of the device must be proved, usually by detailed reference by the qualified operator to the procedure called for by the manufacturer of the particular device.