**STATE of Missouri, Respondent,**

v.

**Billie Joe PARKER, Appellant.**

**No. 56836.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 5, 1990.

Rehearing Denied July 2, 1990.

Fredrich J. Cruse, Hannibal, for appellant.

C. David Henderson, Pros, Atty., Glenn A. Norton, Asst. Pros. Atty., New London, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Billie Joe Parker, appeals his bench trial conviction in the Associate Circuit Court of Ralls County for failing to yield the right of way in a controlled intersection. We affirm.

At approximately 8:30 a.m. on March 16, 1989, Lawrence Aden, an over the road truck driver for Gully Transportation, was travelling northbound in the right-hand lane of Highway 61 approaching its intersection with Highway 19. This portion of Highway 61 is a four lane highway separated by a grass median. The intersections of Highways 19 and 61 are controlled by a flashing light: Traffic moving northbound and southbound on Highway 61 have a yellow "caution" light; traffic moving eastbound and westbound on Highway 19 have a red "stop" flashing light. As he approached this intersection, Aden observed the appellant, who was also driving a trac-

---

**2.** We have ex gratia reviewed plaintiffs' arguments on appeal. We found no error justifying reversal.

**44**

tor trailer, stopped on Highway 19. Aden then testified that, just as he reached the intersection, the appellant pulled into his path and collided with him. Appellant was given a ticket for failure to yield in a controlled intersection. After a hearing, in which the appellant pled not guilty and represented himself *pro se*, appellant was convicted and fined $50.00 plus costs. This appeal followed.

Appellant's sole contention on appeal is that the trial court did not have jurisdiction because he was charged under the wrong statute. The ticket received by appellant stated that he had failed to yield the right-of-way to a vehicle lawfully in a controlled intersection in violation of RSMo § 304.281. The crux of appellant's complaint is that, since RSMo § 304.281 relates only to steady lights and not to flashing lights, the charge was in violation of Rule 23.01 and the trial court could not obtain jurisdiction. We disagree.

The failure to cite a statutory reference or citing the incorrect statute does not necessarily render an indictment or information insufficient. *State v. LaPlant*, 673 S.W.2d 782, 785 (Mo. banc 1984). The test for the sufficiency of an indictment is not whether the indictment was a model of perfection, but whether the indictment contains all the essential elements of the offense set out in the statute creating the offense and clearly apprises the defendant of facts constituting the offense. *State v. O'Connell*, 726 S.W.2d 742, 746 (Mo. banc 1987). In addition, where the charged offense is a misdemeanor, the same strictness in charging the offense is not required. *State v. Petterson*, 780 S.W.2d 675, 677 (Mo.App., W.D.1989).

The charge in question clearly apprised the appellant of what he was being charged with and set forth the facts constituting the offense. This is all that is required.

Affirmed.

REINHARD and CRIST, JJ., concur.