**STATE of Missouri, Respondent,**

v.

**Mark A. CUSUMANO, Appellant.**

**No. 59097.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 22, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 18, 1991.

Robert S. Adler, Donna Aronoff Smith,
St. Louis, for appellant.

Robert P. McCulloch, Pros. Atty., Rose-
ann Feldman, Asst. Pros. Atty., Clayton,
for respondent.

AHRENS, Judge.

Mark A. Cusumano appeals from a con-
viction of speeding in violation of § 304.010
RSMo (Supp.1990). Appellant was charged
on a Uniform Complaint and Summons
with "exceed[ing] the state speed limit" by
"driving 106 MPH when limited to 55 MPH
... in violation of 304.010 RSMo." The
trial court sentenced appellant to two days'
imprisonment and fined him $500.00; the
court suspended execution of sentence and

placed appellant on probation for one year. We affirm.[1]

Appellant raises two points on appeal. First, appellant alleges the trial court erred in finding him guilty, because the state failed to present sufficient competent evidence to support the charge. Second, appellant contends the trial court erred in overruling his motion to dismiss on the grounds of a defective information.

In reviewing the sufficiency of the evidence to support the verdict, we view the evidence and all reasonable inferences therefrom in the light most favorable to the state, disregarding all contrary evidence and inferences. *State v. Guenther*, 744 S.W.2d 564, 565 (Mo.App.1988). The evidence supports the following statement of facts. On April 30, 1989, Sergeant John Rhodus of the Missouri State Highway Patrol was piloting an airplane above U.S. Highway 40/Interstate 64 near McKnight Road in St. Louis County. He observed a black Porsche weaving in and out of heavy traffic and travelling nearly twice as fast as the other vehicles. Using a stopwatch and a set of speed blocks placed 660 feet apart, Rhodus determined the vehicle was moving 106 miles per hour. Over defendant's best evidence objection, Rhodus testified the posted speed limit on Highway 40 is 55 miles per hour.

Rhodus further testified that in April of 1989, he personally placed the speed blocks and measured the distance between them with a steel tape supplied to the Highway Patrol for that purpose. Rhodus had checked the distance between the blocks through the use of stopwatches and the calibrated speedometers of patrol cars, but had not had the steel tape "certified" in the manner that tuning forks are certified to set radar units. Rhodus stated the stopwatches are obtained by the Highway Patrol for the purpose of measuring the time of automobiles, and are calibrated to one-eighth of a mile and checked with a "standard of time radio station." Rhodus testified he had the watches certified. On the day he clocked the Porsche, Rhodus checked the two stopwatches against one another, against the radar devices installed in a patrol car, and against the speedometer of the patrol car, although he was unsure whether the car's speedometer had been calibrated. After clocking the Porsche at 106 miles per hour, Rhodus radioed to ground units and advised of its location and description.

Trooper Baron Lyons, also of the Missouri State Highway Patrol, received Rhodus' transmission and in his rearview mirrors observed the Porsche making multiple lane changes and passing up traffic at a tremendous rate of speed. Lyons estimated the Porsche was travelling 85 to 90 miles per hour at the time he observed it. Lyons stopped the vehicle near Lindbergh Boulevard, and the driver identified himself as Mark Cusumano, the appellant in this case. Lyons issued appellant two traffic citations, one for speeding and one for failing to signal. After a bench trial, the court dismissed the charge of failing to signal and found appellant guilty of speeding 106 miles per hour in a 55 miles per hour speed zone.

■■■ In arguing that no sufficient competent evidence supports the trial court's finding, appellant relies on case law involving the use of radar evidence in speeding cases. The speed of appellant's vehicle was determined through the use of non-radar equipment. Nevertheless, the particular measuring devices used must be shown accurate. *City of St. Louis v. Martin*, 548 S.W.2d 622, 623 (Mo.App.1977). We find the evidence noted above sufficiently reliable to establish that the devices used to determine appellant's speed were operating accurately at the time appellant's vehicle was clocked. The trial court's finding of guilt is further supported by the opinion evidence of Sergeant Rhodus and Trooper Lyons.[2] Point one is denied.

1. This case comes to the writer on reassignment. *Judge Karohl wrote portions of the opinion.*

2. Appellant contends that testimony of experienced officers may never alone constitute sufficient evidence to support a conviction for speeding, citing *City of Jackson v. Langford*, 648 S.W.2d 927 (Mo.App.1983) and *City of Kansas*

In his second point, appellant alleges the trial court erred in overruling his motion to dismiss on the grounds the information failed to properly charge him, because it charged he was exceeding the speed limit in a 55 miles per hour zone when no state statute provided that the speed limit on U.S. Highway 40/Interstate 64 was 55 miles per hour. Appellant argues that because he was not adequately apprised of the charges against him, the information was defective and failed to confer jurisdiction upon the court. Although we find no motion to dismiss in the record and no reference to an oral motion in the trial transcript, appellant sufficiently raised the issue before the trial court to preserve it for our review.

The information charged appellant with "exceed[ing] the state speed limit" by "driving 106 MPH when limited to 55 MPH ... in violation of § 304.010 RSMo." However, for vehicles other than trucks weighing over 24,000 pounds, § 304.010 sets a speed limit of *70* miles per hour on any state-maintained highway or divided highway designated and marked as a federal route. § 304.010.2(1) RSMo (Supp.1990). The information should have charged appellant with a violation of § 304.009, which sets the uniform maximum speed limit at 55 miles per hour for roads and highways inside urbanized areas where the population is 50,000 or more. § 304.009.1 RSMo (Supp.1990).[3]

The test of an information's sufficiency is whether it contains all essential elements of the offense and clearly apprises the defendant of the facts constituting the offense. *State v. Canepa,* 670 S.W.2d 205, 207 (Mo.App.1984). An indictment or information is not necessarily insufficient for citing an incorrect statute or omitting a statutory reference altogether. *State v. Parker,* 792 S.W.2d 43, 44 (Mo.App.1990). Further, the mention of a statute number in an information is not conclusive as to the offense charged and is treated as surplusage. *State v. Henderson,* 750 S.W.2d 507, 512–13 (Mo.App.1988). Contrary to the suggestion of the dissent, we find no authority limiting the application of this line of cases to informations containing mere "clerical" or "technical" defects. The same test is used to determine the information's sufficiency regardless of the reason for the defect.

In the instant case, it cannot reasonably be said that defendant did not know the nature of the charge against him; the incorrect statutory reference does not invalidate the information, because the test of sufficiency was met. We note that the same strictness in charging an offense is not required in informations charging misdemeanors as in those charging felonies. *Parker,* 792 S.W.2d at 44; *Henderson,* 750 S.W.2d at 513. We find it particularly inappropriate to hypertechnically interpret an information when the charged offense is a traffic misdemeanor.

Rule 23.11 states that "[n]o indictment or information shall be invalid ... because of any defect therein which does not prejudice the substantial rights of the defendant." We find no evidence the defect misled, confused, or hampered appellant in presenting his defense. Although the state was careless in drafting the information and in failing to seek an amendment to correct the statutory reference, the information set forth the elements of the offense and adequately apprised appellant of the charges against him. That is all that is required. Finding no prejudice, we affirm the judgment of the trial court.

---

*City v. Oxley,* 579 S.W.2d 113 (Mo. banc 1979). However, we read *Langford* and *Oxley* to stand only for the proposition that the specific, uncorroborated opinion evidence involved in those cases did not rise to the level of substantial evidence. Further, the *Langford* court in interpreting *Oxley* expressly declined to hold that a speeding case may never be made with opinion evidence alone. *Langford,* 648 S.W.2d at 930 n. 3. Importantly, the instant case does not involve a possible misidentification of appellant's vehicle or only a slight variance between the legal speed and the speed at which the patrol officers determined appellant was travelling.

3. We do not assume, as the dissent suggests, that the state "intended" to plead § 304.009. Rather, we find that the state in citing § 304.010 pleaded incorrectly, but the incorrect reference did not render the information fatally defective.

SMITH, J., concurs.

KAROHL, J., dissents in separate opinion.

KAROHL, Judge, dissenting.

The information in the present case alleges defendant was speeding westbound on I–64 near McKnight in a zone limited to 55 miles per hour. It also alleges defendant was speeding westbound on I–64 in violation of § 304.010 RSMo. The only speed limit established by that section relative to an interstate highway is 70 miles per hour, § 304.010.2(1) RSMo Cum.Supp.1990, unless it is reduced by the State Highways and Transportation Commission or by local ordinance with the approval of the Commission, § 304.010.3. The information: (a) is conflicting and confusing, (b) may state two different crimes, and (c) states one crime only if there is proof of an order of the Highways and Transportation Commission or a local ordinance setting a 55 miles per hour speed limit. Accordingly, the information is fatally defective under the first two possibilities and the third does not apply to the present case because no order or ordinance was ever mentioned at trial. After the state closed its evidence, defendant argued to the court the information was defective and acknowledged there was a different statute which the state could have relied on but chose not to. The state made no response. In deciding the case on its merits, the court must have rejected this position.

This court's opinion suggests the state was "careless" citing § 304.010 rather than § 304.009 and "should" have amended the information. There is no support for either conclusion. The state defended the information before the trial court and during this appeal. It chose § 304.010 and that section may apply to the crime charged. It is applicable to the facts. There is no issue before this court that the information was clerically defective or defective by some omission or surplusage. On the contrary, the state has defended the information as filed and there is support in the record to conclude that the state correctly pled after careful and purposeful consideration.

The decision should not be based on an unsupported assumption that the state intended to plead § 304.009 and that defendant and his counsel were not misled or prejudiced because this statute was available. These assumptions are not viable in a case where the state never adopted that view and defendant never had an opportunity to respond. The decision resolves a dispute which never existed between the parties.

The decision depends on cases which apply to a mere technical defect, one which could or should be detectable by defendant. The present facts are quite different. The state has never suggested a technical defect attributable to an obvious clerical mistake or an obvious omission or surplusage.

A dissent is required because the information is insufficient, as a matter of law, to state the essential elements of a single crime where it charges a violation of both a limitation of 55 miles per hour and a limitation of 70 miles per hour. This became obvious when the state rested without proving the statutory 70 miles per hour speed limit was amended to support a finding defendant was driving in a 55 miles per hour zone. The court erred in denying the relief then requested.