Mona SMITH, Human Resources Director, Missouri Department of Social Services, Division of Family Services, Respondents,

v.

Kimberly ROSA, Appellant.

No. WD 60229.

Missouri Court of Appeals, Western District.

April 30, 2002.

Howard Bodney, Overland Park, KS, for appellant.

Gerald Lyle Meyr, Jefferson city, for respondent.

## RONALD R. HOLLIGER, Judge.

The Missouri Personnel Advisory Board ("PAB") reversed the suspension of a Division of Family Services supervisor arising out of a mishandled "hotline call" where two children in Kansas City were found dead from abuse. Because we find that one of the reasons stated in the suspension notice was sufficiently specific, we reverse and remand for an evidentiary hearing by the PAB on the merits of the Division's discipline of the supervisor.

Kimberly Rosa ("Rosa") was employed as a supervisor in the Jackson County office of the Division of Family Services ("DFS"). In August 1999, a hotline referral was made regarding the children of Mary Bass. Melissa Johnson ("Johnson") was the DFS worker assigned to investigate that referral and to conduct a family assessment of Mary Bass and the Bass children. Rosa was Johnson's supervisor, but was on vacation at the time the referral and investigation took place.

Johnson's report was provided to Rosa for approval roughly one month later, once Rosa had returned from vacation. The report found that there was no indication of risk or danger to the Bass children. There are allegations in the briefs that sections of the report were incomplete at the time, but may have been completed by Rosa. Johnson had also not interviewed two of the Bass children (Larry and Gary) though there are allegations in the briefs (which DFS claims are not drawn from the record) that Johnson had made efforts to locate and speak with the children but was unable to do so. Despite the incompleteness of the report, Rosa approved the report and signed off on that report.

Roughly two months later, Larry and Gary Bass died due to abuse and neglect.

On November 9, 1999, Smith sent Rosa a letter advising her that she was being suspended without pay for a period of twenty working days, effective November 17, 1999. The specific discussion of the grounds for her suspension was stated as:

As a supervisor, it is your responsibility to review and approve the work of your employees to ensure that each case is properly handled. On August 16, 1999, in response to a call from the Child Abuse/Neglect Hotline alleging physical abuse and withholding of food from the B. family, your worker, M. Johnson visited the family of M.B. on two occasions. She did not see two of the alleged victims and yet concluded that the children were safe. You reviewed the activity of M. Johnson on this case, and approved her work in spite of the fact that the worker had not completed a thorough review, nor completed a safety assessment. Your decision placed the B. children in danger of physical abuse and neglect.

You have been negligent in your supervisory duties. Specifically, you were negligent in the case of L.B. and G.B. because you did not assist your worker in following through on a very serious complaint, which endangered the lives of two young children.

Rosa timely appealed her suspension to the Personnel Advisory Board contending that she was denied her procedural due process rights because the suspension letter failed to describe the specific conduct or negligence for which she was being suspended. The PAB found that the suspension letter failed to " 'specifically' set forth the reasons for the suspension" and to "set forth 'in substance' " those reasons

before the suspension becomes effective. For that reason, the PAB disapproved of the suspension and reinstated Rosa.

DFS then appealed the decision of the PAB to the Cole County Circuit Court, which sustained in part and reversed in part the PAB's decision. The circuit court held that the PAB correctly determined that, to suspend Rosa under 1 CSR 20–3.070(2)(L) (violation of regulations or policies), the suspension letter must specifically identify the regulation or policy which was violated by the employee. The circuit court, however, held that the PAB erred with regard to DFS' allegations under 1 CSR 20–3.07(2)(B) (incompetence, careless, or inefficient performance), as the suspension letter need not allege the violation of a specific regulation or policy if the suspension is premised upon this latter regulation. The circuit court's judgment remanded the cause to the PAB for further proceedings.

In this matter, we review the decision of the PAB, not the intermediate decision reached by the circuit court in reviewing the agency's ruling. *Weisenburger v. City of St. Joseph*, 51 S.W.3d 119, 123 (Mo.App. 2001). The central issue in this appeal is whether the suspension letter provided by Rosa provides sufficient notice of the grounds for her suspension. This is a question of law. *Hattervig v. de la Torre*, 870 S.W.2d 895, 897 n. 2 (Mo.App.1993). Accordingly, we review this issue *de novo*, and need not defer to either the circuit court or the rulings of the PAB. *Kunz v. Personnel Advisory Bd.*, 740 S.W.2d 395, 397 (Mo.App.1987).

There is no dispute that Rosa has a property interest in continuing employment with DFS. Likewise, the parties agree that prior to suspension, Rosa was entitled to adequate notice regarding the suspension and the reasons for which she was being suspended. The battleground, here, is whether that pre-suspension notice, provided in the form of a letter to Rosa, was sufficient.

To help frame the specific issues posed in the present appeal, we begin with a discussion of the general standards applied to suspension letters such as the letter provided to Rosa. This court set out standards for evaluating pre-suspension notices in *Division of Family Services v. Cade*, 939 S.W.2d 546 (Mo.App.1997). In *Cade*, an employee was provided with a suspension letter that stated that he was "being suspended pending further investigation of charges of alleged sexual harassment of fellow employees by [his] actions which are perceived by them as creating a hostile work environment that is not conducive to their being able to successfully perform the work requirements." 939 S.W.2d at 548. As in the present matter, the PAB found that the employee in *Cade* had not received sufficient notice of the basis for the suspension and reinstated the employee. DFS then sought review from the circuit court, which affirmed, leading to a subsequent appeal to this court.

On appeal, we held that a suspended employee "was required to have sufficiently detailed notice so that he could protect himself from unfair suspension." *Id.* at 552. Generalizations are not sufficient. Instead, specific details regarding the employee's alleged misconduct must be stated. Those details must be sufficient to enable the employee to understand the basis for the suspension and to be able to oppose that action. *See id.* at 554. With regard to the notice provided to Cade, we found that the bare allegations of sexual harassment failed to meet that threshold. We observed that "[t]o require only notice of such broad generalities would be to render Mr. Cade's due process protections worthless. Almost any type of vague allegation could be

used to temporarily suspend an employee, no matter how groundless or unsupported by facts, and the employee would have insufficient information to prepare a meaningful response." *Id.*

Here, DFS sought to suspend Rosa, relying on two regulatory provisions as authority for that suspension. The first was 1 CSR 20–3.070(2)(B), which permits suspension for incompetence, carelessness, or inefficiency. The second provision is 1 CSR 20–3.070(2)(L), which authorizes suspension for willful violations of agency regulations or policy. In resolving the present appeal, we must apply the *Cade* analysis under each provision to determine whether the suspension letter provides adequate notice regarding Rosa's suspension under either ground.

DFS' first point on appeal claims that the suspension letter provided adequate notice of a suspension based upon 1 CSR 20–3.070(2)(L). The PAB ruled that the suspension letter sent to Rosa was fatally inadequate because it failed to identify as a basis for the suspension any specific regulation or DFS policy violated by Rosa. Rosa argues that, to suspend an employee under 1 CSR 20–3.070(2)(L), the pre-suspension notice must set out a specific rule, regulation, or statute violated by the employee. Rosa cites no authority imposing or approving of such a requirement, however. Instead she only refers generally to cases discussing the general requirements for specificity in suspension/termination letters.

■ "The charges made against a public employee in an administrative proceeding, while they must be stated specifically and with substantial certainty, do not require the technical precision of a criminal indictment or information." *Sorbello v. City of Maplewood,* 610 S.W.2d 375, 376 (Mo.App. 1980). We also note that other reported decisions have indicated that the omission of statutory citation within a criminal indictment does not necessarily render the indictment fatally insufficient. *See State v. Cusumano,* 819 S.W.2d 59, 61 (Mo.App. 1991). Indeed, the test in such circumstances "is whether it contains all essential elements of the offense and clearly apprises the defendant of the facts constituting the offense." *Id.*

DFS' point is well taken that the requirement urged by Rosa would require suspension letters to conform to a stricter standards than that used for criminal proceedings. This would be incongruous, given the more serious due process considerations intertwined in criminal convictions. Nevertheless, here DFS is charging that Rosa violated a DFS policy or rule as a basis for her suspension. This entails that the agency must provide adequate notice of the alleged policy violation, so that the employee is made aware of what the specific violation was. Otherwise the employee cannot prepare a defense.

■ In our view, the proper approach is that suggested by *State v. Cusumano, supra.* We hold that a suspension letter need not cite the specific policy or rule the employee violated. If the specific policy or rule is not cited, however, the letter must explain the policy or rule and indicate how the employee's conduct was in violation thereof. In that manner, the suspension letter advises the employee of the "essential elements" of the violation and the specifics of the misconduct.

■ Here, the suspension letter cites Department of Social Services policy 2–122 as a basis for Rosa's suspension. That policy states:

> Management and supervisory staff are responsible for monitoring employee work performance and for assuring that performance meets levels of expectation and conforms to established policies and

procedures. When employee performance falls below acceptable standards, management/supervisory staff are responsible for immediately selecting the appropriate corrective measures to regain a successful level of performance. This policy only sets out the general duty of managers and supervisors to monitor their subordinates' work performance. It does not set out specific standards or guidelines for evaluating a subordinate's work. Instead, the rule requires only that such supervision be employed to insure that the subordinate's work "meets levels of expectation and conforms to established policies and procedures." Neither the letter nor DFS' brief on appeal contain any reference to a specific policy or procedure outlining performance standards that Rosa failed to enforce.

We, therefore, conclude that the letter did not provide adequate notice of the basis for Rosa's suspension under 1 CSR 20–3.070(2)(L). As such, DFS could not properly suspend Rosa under the authority of that subsection. Thus, DFS' first point on appeal is overruled and the decision of the PAB affirmed with regard to that issue.

This does not conclude our analysis, however, as the suspension letter provides an alternate basis for Rosa's suspension. Specifically, DFS also sought suspension under 1 CSR 20–3.070(2)(B). This subsection permits the suspension of an employee for incompetence, inefficiency, or carelessness. To suspend an employee on this basis, DFS argues, it should not be necessary for the suspension letter to set out a specific policy or regulation violated by the employee. Instead, DFS takes the position that it is sufficient if the suspension letter details the employee's incompetent or careless conduct. DFS contends, for its second point on appeal, that the PAB erred in holding that the suspension letter was insufficient under this subsection because of its failure to set out a specific policy or rule allegedly violated by Rosa.

■ On this point, Rosa appears to argue that the suspension letter was simply too vague to provide her adequate notice. In reaching that conclusion, Rosa limits her discussion to the passage of the letter alleging she did not "assist" her worker "in following through on a very serious complaint." Rosa is correct in pointing out the vagueness of that passage. The language cited by her does not, standing alone, indicate what additional steps Rosa failed to take with regard to the employee she supervised. Had that been the only language within the letter detailing the basis for her suspension, we might indeed conclude that the letter was fatally imprecise and inadequate to apprise Rosa of the reasons for her suspension.

We cannot look at that passage in isolation, however, as it is not the only portion of the letter detailing her alleged misconduct. The bulk of the preceding paragraph in the letter explains that Rosa approved of an incomplete report provided by her subordinate. The letter indicates that the report was deficient in two respects: the report had been filed without observing or interviewing two of the Bass children and an uncompleted safety assessment.[1] The argument portion of Rosa's brief is devoid of any discussion regarding this paragraph within the suspension letter.

---

1. Rosa's statement of facts includes references to an exchange of correspondence between her counsel and DFS regarding the "safety assessment" referenced in the suspension letter. According to that discussion, the report form contains no "safety assessment," but does contain a "safety factor identification checklist." There is some dispute among the parties whether this checklist was completed by Rosa or the worker she supervised.

We conclude that the letter contains sufficient detail to provide adequate information to Rosa regarding the grounds for her suspension under 1 CSR 20–3.070(2)(B). Rosa was advised that DFS intended to suspend her upon allegations that she was careless in supervising one of her workers with regard to the Bass family. That carelessness took the form of Rosa's approval of a facially deficient report submitted by the worker. In our view, DFS has provided enough detail regarding the matter to enable Rosa to prepare a defense.

As the suspension letter provides adequate notice to Rosa for at least one of the two grounds for her suspension, DFS should have been permitted to proceed to an administrative hearing upon the merits of its allegations under 1 CSR 20–3.070(2)(B). The PAB erred in denying DFS that hearing. The decision below is therefore affirmed in part and reversed in part, and the cause remanded to the PAB for further proceedings.

HAROLD L. LOWENSTEIN, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.