Timothy SCHWARTZ, Respondent,

v.

CITY OF ST. LOUIS, Missouri, et al., Appellants.

No. ED 90774.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 25, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 21, 2009.

Christine Hodzic, St. Louis, MO, for appellants.

Charles W. Bobinette, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The City of St. Louis and its Civil Service Commission appeal the judgment of the Circuit Court of the City of St. Louis, which reversed the Commission's decision to uphold Timothy Schwartz's demotion for acting in an inappropriate and abusive manner toward a subordinate. We conclude that the City's notice was inadequate to permit Schwartz to present a meaningful defense, and so the Commission's decision was made upon unlawful procedure and without a fair hearing. We also hold that the Commission's imprecise and conclusory findings deprive this Court of any ability to conduct a meaningful review. We affirm the circuit court's judgment reversing the Commission's decision, as modified herein, and remand with directions to order the Commission to reinstate Schwartz as electrician foreman and to determine the amount of back pay that Schwartz lost as a result of his wrongful demotion, together with interest as provided by law.

Schwartz joined the City's water division as an electrician in 1988 and became an electrician foreman in 1996. James Gougisha worked as a lead electrician with the water division and reported directly to Schwartz. Schwartz and Gougisha had numerous, long-standing difficulties with one another, which culminated during the week of July 18, 2005. The City scheduled Schwartz for a pre-termination hearing and gave him the following notice of the allegations.

"[Y]ou have committed an act or acts to the prejudice of the service", "you have omitted to perform an act or acts it was your duty to perform", and "you are unable or unwilling to perform the duties of your position in a satisfactory manner" in that, during the week of July 18, 2005 you acted in an inappropriate and abusive manner toward your subordinate in violation of division work rules.

Following the pre-termination hearing, the City declined to terminate Schwartz's employment and instead demoted him from electrician foreman to electrician. Schwartz appealed to the Commission, which upheld the demotion. The Commission found that "[e]ffective August 21, 2005, [Schwartz] was demoted to the position of Electrician in that during the week of July 18, 2005, [Schwartz] acted in an inappropriate and abusive manner toward James Gougisha, his subordinate, on three occasions."

We discern from the record that the three occasions are as follows. First, Schwartz and Gougisha argued after Gougisha expressly and knowingly countermanded Schwartz's instructions to two subordinate crew members. The next day, Schwartz allegedly used a curse word when speaking to Gougisha and forbade Gougisha from working on the project that was the source of the previous day's conflict. Third, Gougisha testified that the day after that, Schwartz berated him at length for numerous perceived deficiencies. Schwartz's version of the second and third incidents differed markedly from Gougisha's, and other witnesses whom the Commission found credible contradicted parts of Gougisha's testimony. On appeal, the City acknowledges that the first incident alone might not suffice as a basis to demote Schwartz, but argues that the three incidents combined support the demotion.

Schwartz filed a petition for review with the circuit court, which reversed the Commission's decision, ordered Schwartz reinstated to his foreman position, and award-

ed back pay with interest. The City and the Commission now appeal.[1]

In three points, Schwartz claims that he did not receive adequate notice of the charges against him, he challenges the Commission's findings as vague and conclusory and based upon contradictory testimony, and he claims the Commission's findings are not supported by competent and substantial evidence.

■ We review the administrative ruling rather than the decision of the circuit court. *Lagud v. Kansas City Bd. of Police Comm'rs,* 136 S.W.3d 786, 791 (Mo. banc 2004); *Morgan v. City of St. Louis,* 154 S.W.3d 6, 8 (Mo.App. E.D.2004). We review to determine whether the administrative action: 1) violates constitutional provisions; 2) exceeds the agency's statutory authority or jurisdiction; 3) is unsupported by competent and substantial evidence upon the whole record; 4) is unauthorized by law; 5) made upon unlawful procedure or without a fair trial; 6) is arbitrary, capricious, or unreasonable; or 7) involves an abuse of discretion. Section 536.140.2 RSMo. (2000 & Supp.2007);[2] *Lagud,* 136 S.W.3d at 791.

■ The U.S. Supreme Court has set forth three due-process requirements for a tenured public employee. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). These are notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to be heard. *Id.* The City's Department of Personnel Administrative Regulation No. 117 incorporates these requirements and provides that, prior to imposition of any disciplinary action, "the employee must be advised of the charges against him/her and given an explanation of the evidence and an opportunity to present any disputed facts or mitigating circumstances." The City acknowledges that Administrative Regulation No. 117 governs the Commission's proceedings.

■ In his first point, Schwartz claims that the Commission's decision was made upon unlawful procedures and without a fair trial. He asserts that the City failed to give him adequate notice of the basic facts constituting the cause for the City's contemplated disciplinary action. The City counters that "[a]ny allegations of failure to provide specific facts in the notices is irrelevant because [Schwartz] attended the pre-termination hearing and heard first hand all of the facts, details, and dates at issue."

■ The key issue is whether the pre-termination notice provided Schwartz with sufficient notice of the grounds for his contemplated termination, and ultimately his demotion. This is a question of law, which we review *de novo* and without deference to the Commission's rulings. *Smith v. Rosa,* 73 S.W.3d 862, 865 (Mo. App. W.D.2002). An employee must receive sufficiently detailed notice so that he or she can protect him– or herself from unfair disciplinary action. *Id.* Adequate notice permits an employee "to be heard at a meaningful time and in a meaningful manner by allowing [the employee] enough information to be able to defend the allegations and to present conflicting evidence in a timely manner." *Div. of Family Services v. Cade,* 939 S.W.2d 546, 554 (Mo. App. W.D.1997). This means that "[g]eneralizations are not sufficient. Instead, specific details regarding the employee's

---

1. As the party aggrieved by the Commission's decision, Schwartz filed the appellant's brief. Rule 84.05(e).

2. All statutory references are to RSMo. (2000 & Supp.2007) except as otherwise indicated.

alleged misconduct must be stated. Those details must be sufficient to enable the employee to understand the basis for the [disciplinary action] and to be able to oppose the action." *Rosa,* 73 S.W.3d at 865.

In *Smith v. Rosa,* in the context of a suspension notice, the Western District acknowledged that charges against a public employee need not reach the technical precision of a criminal indictment or information. *Id.* at 866. The Court held, however, that where a disciplinary letter does not cite the specific policy or rule allegedly violated, then the letter must explain the pertinent policy or rule and indicate how the employee's conduct violated it. *Id.* In this way, the notice advises the employee of the "essential elements" of the violation and of the specific misconduct. *Id.* We perceive no reason why an employee under the threat of termination or permanent demotion should receive any less-detailed notice.

Here, the City's notice merely stated that Schwartz had "committed an act or acts to the prejudice of the service," that he "omitted to perform an act or acts that it was [his] duty to perform," and that he did not perform satisfactorily in that he "acted in an inappropriate and abusive manner toward [his] subordinate in violation of division work rules." The notice does not cite the specific rules allegedly violated. The notice does not specify the time or place of the alleged infractions. It does not name the subordinate. It does not describe the facts alleged to constitute the inappropriate behavior, nor does it describe the evidence in support of the facts. From this notice, one could not even determine whether the City was charging a single instance of misconduct or multiple instances, much less what specific actions constituted the misconduct, in violation of the plain language of the City's Administrative Regulation No. 117.

■ The City responds that its failure to specify the charges against Schwartz is irrelevant because he attended the pretermination hearing and heard the evidence. But an employee does not sacrifice his or her right to notice by attending a hearing. And hearing the evidence is no substitute for *advance* notice of the accusation. Indeed, if the City's arguments were accepted, notice would never be required if an employee attended a hearing and attempted to answer a charge. The City misapprehends the purpose of notice, which is to inform an employee of the gravamen of the accusation *prior* to the hearing, so he or she can effectively prepare and respond to the charge. Put simply, the charges should be specified before the trial begins. Here, the essential charge the City lodged was that, during a specified week, Schwartz was in some manner very rude to someone he supervised in violation of some duty or rule. This is inadequate. The notice did not permit Schwartz to be heard at a meaningful time and in a meaningful manner by giving him enough information to be able to defend the allegations and to present conflicting evidence.

■■ Even were we to determine that the notice to Schwartz was adequate, we would be compelled to reverse and remand the Commission's decision because the Commission's general and conclusory findings would not permit us to conduct a meaningful review of the decision. An administrative agency must state its findings of fact separately from its conclusions of law, and the agency must include a concise statement of the findings on which it bases its decision. Section 536.090 RSMo. (2000). The required findings of fact and conclusions of law enable a court to review an agency decision on the record to determine whether the agency violated any provisions of section 536.140.2. *Complete*

*Auto Body & Repair, Inc. v. St. Louis County,* 232 S.W.3d 722, 725 (Mo.App. E.D.2007). A reviewing court cannot consider that the agency found facts in accordance with the result reached. *Century State Bank v. State Banking Bd. of Missouri,* 523 S.W.2d 856, 858 (Mo.App.1975). Therefore, judicial review is inappropriate without findings of fact and conclusions of law to explain the basis for the administrative decision. *Complete Auto Body,* 232 S.W.3d at 726 (quoting *Graves v. City of Joplin,* 48 S.W.3d 121, 125 (Mo.App. S.D. 2001)).

Here, the Commission simply found that Schwartz was demoted because he acted in an inappropriate and abusive manner toward a subordinate on three occasions. We have been forced to comb the entire record simply to discern the incidents at issue. We have no way to determine which of the facts the Commission relied upon to uphold Schwartz's demotion, especially given the City's concession on appeal that the first incident alone may not warrant the action taken. We have no way to determine on which testimony the Commission relied, having found contradictory testimony credible. The Commission's decision would require reversal and remand even if we resolved the notice issue in the City's favor.

We conclude that the Commission's decision was made upon unlawful procedure and without a fair hearing in violation of section 536.140.2(5). The City's general notice to Schwartz was inadequate because it failed to provide specific details of the allegations against Schwartz, thus depriving him of the right to be heard at a meaningful time and in a meaningful manner. Beyond the notice issue, the Commission's unenlightening and conclusory

findings would deprive this Court of the ability to conduct a meaningful review of the Commission's decision.

We affirm the circuit court's judgment reversing the Commission's decision. We remand with directions to order the Commission to reinstate Schwartz as electrician foreman, effective August 21, 2005, and to determine the amount of back pay that Schwartz lost as a result of his wrongful demotion from that date, together with pre-judgment interest as provided by law.[3]

ROY L. RICHTER, P.J., and GEORGE W. DRAPER, J., concur.

---

**3.** The circuit court's judgment reinstated Schwartz to his former position retroactively to June 26, 2005. The date of Schwartz's demotion, however, was actually August 21, 2005. Therefore, we modify the circuit court's judgment in this one respect.