

# In the Missouri Court of Appeals
## Eastern District
**DIVISION ONE**

| | | |
|---|---|---|
| HOLLY NIGHBERT, | ) | No. ED110496 |
| | ) | |
| Appellant, | ) | |
| vs. | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| CITY OF ST. LOUIS, | ) | 1922-CC11482 |
| PRESERVATION BOARD OF | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| RICHARD CALLOW, | ) | Honorable Christopher E. McGraugh |
| MELANIE FATHMAN, | ) | |
| TIFFANY HAMILTON, | ) | |
| MICHAEL KILLEEN, | ) | |
| DAVID RICHARDSON, | ) | |
| ANTHONY ROBINSON, | ) | Filed: December 20, 2022 |
| RANDY VINES, and | ) | |
| JOSEPH VACARRO, | ) | |
| | ) | |
| Respondents. | ) | |

Plaintiff, Holly Nighbert, appeals the judgment, entered by the Circuit Court of the City of St. Louis, affirming the decision of the City of St. Louis Preservation Board ("the Board") to deny Nighbert's application for a demolition permit for a building in the Benton Park neighborhood. Because the Board's findings of fact and conclusions of law are insufficient to explain the basis for the Board's decision, we reverse and remand with instructions that the circuit court order the Board to make specific findings of fact and conclusions of law regarding the eight criteria enumerated in St. Louis City Ordinance 64832.

<u>Factual and Procedural Background</u>

St. Louis City Ordinance 67175 (July 18, 2006) designates portions of the Benton Park neighborhood within the City as a Local Historic District, sets out the boundaries of the Benton Park Historic District, and provides for a development plan for the district. St. Louis City Ordinance 64832 (Dec. 29, 1999) establishes Preservation Review Districts, and designates certain portions of the City as such districts. The Benton Park Historic District is one such Preservation Review District established under Ordinance 64832, which *inter alia* governs application, review, and approval of demolition permits for structures located within Preservation Review Districts. More broadly, St. Louis City Ordinance 64689 (July 9, 1999, as amended by St. Louis City Ordinance 64925 (Apr. 18, 2000)) seeks to identify and preserve the City's cultural resources, and sets forth criteria nearly identical to those contained in Ordinance 64832 for evaluating applications for demolition permits.

Nighbert owns the property at 3243 Indiana in the Benton Park Historic District, and she owns and resides on the adjoining property. Nighbert applied to the City's Cultural Resources Office ("CRO") for a permit that would allow her to demolish the building located at 3243 Indiana ("the building"), a single-family brick home built in 1905. Nighbert planned to demolish the building and use the lot as a side yard for her home. The CRO denied the application for a demolition permit. Nighbert appealed to the City's Preservation Board. Following an evidentiary hearing on the record, the Board upheld the CRO's denial of the demolition permit application, finding *inter alia*, that the building is a "Merit building under Ordinance #64832," and a "contributing resource to the Benton Park National Register District and the Benton Park Local Historic District." Nighbert sought judicial review. The circuit court affirmed the Board's decision denying the permit, and finding that the decision was supported by substantial evidence,

did not violate the provisions of any law, and was neither arbitrary nor an abuse of discretion. Nighbert appeals.

## Standard of Review

Administrative review of a contested case, as here, is governed by Section 536.140 RSMo (2016).[1] *Heller v. City of St. Louis*, 580 S.W.3d 87, 89 (Mo. App. E.D. 2019). We will uphold an agency's decision unless it is: (1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the agency; (3) not supported by competent and substantial evidence upon the whole record; (4) unauthorized by law; (5) made upon unlawful procedure or without a fair trial; (6) arbitrary, capricious, or unreasonable; or (7) an abuse of discretion. Section 536.140.2; *Ballpark Lofts III, LLC v. City of St. Louis*, 395 S.W.3d 588, 590 (Mo. App. E.D. 2013).

We review the agency's decision—rather than the circuit court's—to determine whether the record in its entirety contains sufficient competent and substantial evidence to support the decision. *Id*. We review the whole record, and we no longer view the evidence in the light most favorable to the agency's decision. *Heller*, 580 S.W.3d at 89. "The party aggrieved by the agency's decision bears the burden of persuasion to demonstrate that the decision is erroneous." *Vaughn v. Mo. Dep't of Soc. Servs.*, 323 S.W.3d 44, 46 (Mo. App. E.D. 2010).

## Discussion

In three points on appeal, Nighbert challenges the Board's decision to uphold denial of the application for a demolition permit for 3243 Indiana. First, Nighbert claims the record contained no evidence indicating the CRO conducted the exterior inspection of the structure as required by Ordinance 64832. In her second point, Nighbert claims the Board's decision was

---

[1] All statutory references are to RSMo. (2016).

against the weight of the evidence, arbitrary, and capricious because the demolition permit application satisfied at least five of the seven applicable demolition criteria enumerated in Ordinance 64832, thus demonstrating Nighbert's entitlement to the permit. Finally, Nighbert claims the Board failed to issue a decision containing findings of fact with regard to the criteria enumerated in Ordinance 64832. Because Nighbert's third point is dispositive, we do not address her other points.

Ordinance 64832 § 8 and Ordinance 64689 § 63, which pertain to appeals of applications for demolition permits, make this a contested case governed by the Missouri Administrative Procedure Act, Chapter 536, RSMo. "Any such appeal shall be deemed and conducted as a contested case within the meaning of Chapter 536, RSMo., as amended, and shall be appealable and reviewable as in such chapter provided." Ordinance 64832 § 8; Ordinance 64689 § 63. The parties do not dispute that this is a contested case. The circuit court reviews a contested case by reviewing the record created before the administrative agency. Section 536.140; *450 N. Lindbergh Legal Fund, LLC v. City of Creve Coeur*, 477 S.W.3d 49, 53 (Mo. App. E.D. 2015). On appeal, we review the agency's decision to determine whether the record in its entirety contains sufficient competent and substantial evidence to support the decision. *Ballpark Lofts*, 395 S.W.3d at 590.

Because it is a contested case, the Board's decision was subject to section 536.090, which provides in relevant part:

> Every decision and order in a contested case shall be in writing, and, except in default cases or cases disposed of by stipulation, consent order or agreed settlement, the decision, including orders refusing licenses, shall include or be accompanied by findings of fact and conclusions of law. The findings of fact shall be stated separately from the conclusions of law and shall include a concise statement of the findings on which the agency bases its order.

4

The agency's determination of findings is not a separate function from its decision in the case. *Rednam v. State Bd. of Registration for Healing Arts*, 316 S.W.3d 357, 361 (Mo. App. W.D. 2010). Rather, the agency's findings of fact and conclusions of law are an essential part of, and the basis for, its decision. *Id*.

Section 536.090 requires findings of fact and conclusions of law that enable the circuit court to review the agency's decision on the record to determine whether the decision violates any provision of section 536.140.2. *Complete Auto Body & Repair, Inc. v. St. Louis County*, 232 S.W.3d 722, 725 (Mo. App. E.D. 2007). Without findings of fact and conclusions of law, this Court has no basis to conduct such a review. *Conlon Group, Inc. v. City of St. Louis*, 944 S.W.2d 954, 958 (Mo. App. W.D. 1997). For us to conduct a proper judicial review, the agency is required to issue a written decision containing specific findings of fact and conclusions of law about contested issues. *Rednam*, 316 S.W.3d at 361. *See also, Heller*, 580 S.W.3d at 90 ("In a contested case, an agency is required to issue a written decision containing specific findings of fact and conclusions of law.") "Absent specific findings of fact, a reviewing court cannot conduct meaningful review." *Id*.

In this case, the Board's findings of fact and conclusions of law are inadequate. While the Board set out in detail the evidence before it, Ordinance 64832 § 5 enumerates eight criteria the Board shall apply when the agency considers an application for a demolition permit. "Decisions of the Board or [Cultural Resources] Office shall be in writing, shall be mailed to the applicant immediately upon completion and **shall** indicate the application by the Board or Office of the following criteria, which are listed in order of importance, as the basis for the decision[.]" Ordinance 64832 § 5 (emphasis added). The eight criteria are as follows:

    (A) approved redevelopment plans;
    (B) architectural quality and merit classification of the structure;

(C) condition of the structure, specifically whether an exterior inspection reveals it to be sound;
(D) the neighborhood effect and potential for reuse, including a consideration of the economic hardship that the present owner of the structure may experience if the demolition permit is denied;
(E) urban design, including the integrity of the existing block face and the impact of the proposed demolition on the integrity, rhythm, balance, and density of the block;
(F) proposed subsequent construction, including whether a proposal to create vacant land by the demolition in question is appropriate on that particular site, within that specific block;
(G) commonly controlled property; and
(H) accessory structures.

Similarly, Ordinance 64689 § 61 identifies seven of the same criteria, and likewise requires a written decision that "shall indicate the application by the Preservation Board or Cultural Resources Office of the following criteria, which are listed in order of importance, as the basis for the decision[.]"[2] The last factor identified in each ordinance regards demolition of accessory structures such as garages and sheds, and is not pertinent to this appeal.

In upholding the CRO's denial, the Board did not make specific findings as required regarding each of the enumerated criteria as the basis for its decision, but rather found only that: (1) the building "is a Merit building under Ordinance #64832"; (2) "[t]he building is a contributing resource to the Benton Park National Register District and the Benton Park Local Historic District"; (3) "[t]he building suffered a collapse while a demolition contractor was working on site to demolish a garage, for which there was an approved demolition permit;" (4) "[t]he contractor also demolished a gazebo near the south façade of the house for which there was no approved permit;" and (5) "[a]n application for State and Federal Historic Tax Credits would be available to assist in the economics of the rehabilitation of the historic building." The Board's conclusions of law stated that "[t]he Preservation Board upheld the Director's denial of

---

[2] Ordinance 64689 § 61 does not specify proposed subsequent construction as a criterion analogous to criterion (F) of Ordinance 64832 § 5.

the demolition because the application does not satisfy the criteria of the ordinances that were entered into the record. 3243 Indiana is a Merit building and contributing resource to the Benton Park Local Historic District."

"Absent specific findings of fact, a reviewing court cannot conduct meaningful review." *Heller*, 580 S.W.3d at 90. Here, the Board's statements do not comprise sufficient findings of fact because they are general and conclusory, and as such, insufficient for this Court—and for the circuit court—to use to conduct judicial review of the Board's decision. Most notably, the Board did not identify and make essential findings of fact regarding its application of the eight criteria set forth in Ordinance 64832 § 5. Of the seven applicable criteria enumerated in the Ordinance, the Board made no findings regarding: (A) any redevelopment plan; (C) the precise condition of the building, and specifically whether an exterior inspection revealed the building to be structurally sound; (D) the neighborhood effect and potential for the building's reuse, including findings—other than the general availability of tax credits—regarding Nighbert's estimated rehabilitation costs and economic hardship surrounding rehabilitation; (E) urban design, including the integrity of the existing block face and the impact of the proposed demolition on the integrity, rhythm, balance, and density of the block; (F) proposed subsequent construction, including whether Nighbert's plan to use the property as a side yard would equal or exceed the contribution of the existing building; and (G) Nighbert's common control of the building and the adjoining property, many of which were contested issues at the hearing. Furthermore, the Board made no express credibility determinations as a basis for its decision.

We should be able to review the Board's decision intelligently without resorting to the evidence. *Conlon Group*, 944 S.W.2d at 959. While the Board set out in detail the evidence before it, we cannot infer that the agency found facts in accordance with the ultimate decision

7

reached. *Heller*, 580 S.W.3d at 90; *Schwartz v. City of St. Louis*, 274 S.W.3d 509, 514 (Mo. App. E.D. 2008). Therefore, judicial review is inappropriate without findings of fact and conclusions of law explaining the basis for the administrative decision. *Id*. Here, the Board's findings of fact are conclusory and incomplete, making it impossible for us to determine whether the Board properly considered all of the criteria identified in the Ordinance; how it evaluated and applied each criterion; and whether its decision is supported by competent and substantial evidence on the whole record, is arbitrary, capricious or unreasonable, or is an abuse of discretion. As a result, we do not have an administrative decision to review, and we are obligated to remand the case. *Conlon Group*, 944 S.W.2d at 959.

## Conclusion

The Board's failure to include in its decision specific findings of fact and conclusions of law as required by section 536.090 is error requiring reversal. We reverse the circuit court's judgment, and remand this case with instructions that the circuit court remand the case to the Board. Upon such remand, the Board is to make specific findings and conclusions indicating application of the eight criteria in Ordinance 64832 § 5 on which it based its decision to deny Nighbert a demolition permit and in sufficient detail to allow judicial review.

_____
Angela T. Quigless, P.J.

Sherri B, Sullivan, J., and
Robert M. Clayton III, J., concur.

8