STATE of Missouri,
Plaintiff–Respondent,

v.

Dale E. KAIKKONEN,
Defendant–Appellant.

No. 53723.

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 6, 1988.

---

**644**

Terry Robert Rottler, Ste. Genevieve, for defendant-appellant.

Frank Vincent Dimaggio, Ste. Genevieve, for plaintiff-respondent.

SIMEONE, Senior Judge.

This is an appeal by defendant-appellant, Dale E. Kaikkonen, from a judgment of the circuit court of Ste. Genevieve County, fining appellant $75.00 for careless and imprudent driving by reason of excessive speed. Section 304.010, R.S.Mo., 1986. We affirm.

On July 17, 1987, appellant was charged with operating his vehicle on June 2, 1987 in a careless and imprudent manner by excessive speed. An evidentiary hearing was held before the court without jury, and upon the evidence adduced, the court found defendant guilty as charged. On September 18, the court sentenced appellant to pay a fine of $75.00 plus costs.

At the hearing, several witnesses testified including Mrs. Tina Parker whose vehicle was involved, Officer Ronald L. Cole, a member of the State Highway Patrol who investigated the collision, and the appellant. Two different versions of the collision were given by Mrs. Parker and the appellant. The collision occurred on Dry Fork Road, an unmarked, gravel roadway in Ste. Genevieve County. Mrs. Parker was traveling west on the road on her way to work in her 1978 Dodge. In the early hours of the morning on June 2, 1987, while driving her vehicle "just coming into a curve," she testified that the appellant's vehicle "came around the curve traveling at a high rate of speed for that road, and his back end swung around and hit the left side of my car in front and knocked me down in the ditch" or embankment. She was near the embankment when appellant came around the curve. According to her testimony, appellant was over the center of the gravel road and she saw him sliding around the curve after he "had put on his brakes."

Appellant had a different version of the event. Appellant's version was that as he rounded the curve, and started to come out of it "I seen [Mrs. Parker] coming in the middle of the road, and I was over to my side, but when I seen her coming in the middle of the road and at the speed she was traveling ... I started trying to get further over to the right side ... and I got my front end over, but I couldn't get the back end over far enough before she hit me." It was his testimony that Mrs. Parker "straddled" the imaginary center line, six feet from the shoulder. On redirect examination, Mrs. Parker denied that she was driving in the middle of the road.

Officer Ronald L. Cole, a member of the Missouri State Highway Patrol, testified. Officer Cole had been employed as a trooper since 1985, and was on duty at the time of the accident. He arrived at the accident scene at about 7:50 a.m., and found Mrs.

Parker's vehicle "partially off the roadway." Officer Cole contacted appellant "maybe a week later." He had been attempting to contact the appellant a number of times, and finally made contact with him. After setting an appointment date at the sheriff's office, appellant, although he had some explanation, failed to meet the officer. Officer Cole then attempted to contact appellant again by telephone.

Officer Cole's accident report which was partially made soon after the accident, showed that Mrs. Parker's vehicle was on the right side of the roadway in the "gravel embankment." The damage was from the "left front wheel and continued back ... the whole length of the car." Officer Cole never viewed appellant's vehicle. The report showed that there were "approximately 26 feet of skid marks" for Mrs. Parker's car. Officer Cole testified that there were "tire marks" or "an acceleration mark" from the appellant's vehicle. This "tire" track from appellant's vehicle "coming around" to the area of the Parker vehicle's tracks were very "prominent" and "noticeable." The acceleration mark was partially around the curve—"from halfway around the curve up toward where [Mrs. Parker's] vehicle was coming from." This information was apparently not in the officer's report, but was testified to at the hearing. After investigation, and after finally meeting with appellant, Officer Cole issued a traffic ticket to defendant because "I felt, since that was not a skid mark, ... a vehicle would have to be going an excessive speed for rounding that curve—for the back end to lose traction and for the back end to swing around like the tire track indicated." When the officer's accident report was sought to be admitted, an objection was made to the admissibility of the report because of insufficient foundation. The court overruled the objection, stating "I think it's admissible for the fact that it goes to the reason for him [the officer] giving him [appellant] the citation in the first place—based on his investigation."

At the conclusion of the state's case, defense counsel referred to certain alleged inconsistencies in the testimony and police report. For example, counsel referred to the tire mark from appellant's car which was not reflected in the accident report made at the time of initial investigation. In addition, he pointed out the inconsistency between the damage to appellant's car—left rear area across the back passenger door beginning at the driver's door—and the theory of defendant whipping around the curve and striking Mrs. Parker's vehicle. Based on these inconsistencies, counsel for appellant moved for a judgment of acquittal. When defense counsel pointed out these inconsistencies and moved for an "order of dismissal" the court replied "That's your opinion."

At the conclusion of the hearing, the court found the defendant guilty of operating a motor vehicle in a careless and imprudent manner because the "speed [was] too fast for road conditions."

On appeal, appellant contends that the trial court erred (1) in finding him guilty of the charge because the evidence was not sufficient to induce a belief of his guilt beyond a reasonable doubt, and (2) in admitting Officer Cole's report and testimony "reflecting the alleged point of impact" because his report and testimony were not supported by adequate factual information or foundation demonstrating the officer's expertise and ability. We have not been favored with a brief from the state, so that we do not have the benefit of the state's responses and contentions. We find neither point to be worth merit and affirm.

■ The offense of careless and imprudent driving is a separate and distinct offense distinguishable from other offenses created by statutes regulating the operation of automobiles. Section 304.010.1 creates a blanket-type offense and is a salutary statute to cover the multitude of situations which may arise from the operation of a motor vehicle which cannot be detailed in specific statutes. To constitute the offense, there must be conduct which shows that under all the circumstances and under the conditions existing at the time, the property of another or the life or limb of a person is endangered. When such conditions and circumstances are shown, the of-

fense is complete. *State v. Todd*, 477 S.W.2d 725, 728 (Mo.App.1972).

It is clear that, under these principles, there was sufficient evidence and testimony from Mrs. Parker and Officer Cole for the trial court to conclude that appellant was guilty of the offense charged.

■ Appellant, however, contends that because of a "variety of inconsistencies and gaps" in the state's case this "leads the Defendant to feel that the reasonable doubt standard was not met."

On appeal, the appellate court views the evidence most favorable to the state and considers all the favorable inferences to be drawn therefrom. The appellate court does not weigh the evidence, nor judge the credibility of the witnesses. The scope of review in a case of this sort extends only to a determination whether there is sufficient substantial evidence to support the judgment of conviction. *City of Kansas City v. Oxley*, 579 S.W.2d 113, 115 (Mo. banc 1979); *City of Jackson v. Langford*, 648 S.W.2d 927, 928 (Mo.App.1983); *State v. Wade*, 535 S.W.2d 492, 495 (Mo.App.1976); *State v. Cain*, 507 S.W.2d 437, 438 (Mo.App.1974). Furthermore, in a criminal or quasi-criminal proceeding, the review must determine whether the evidence is sufficient to induce a belief of the defendant's guilt beyond a reasonable doubt. *Oxley, supra*, 579 S.W. 2d at 115; *State v. Gregory*, 339 Mo. 133, 96 S.W.2d 47, 52 (1936); *Langford, supra*, 648 S.W.2d at 928.

We hold that there was sufficient substantial evidence for the trial court to conclude beyond a "reasonable doubt," that appellant's conduct constituted careless and imprudent driving under the circumstances. The term "reasonable doubt" is a chameleon-like term. But it does carry a certain basic, inherent, common-sense meaning.

In *State v. Pendergrass*, 726 S.W.2d 831 (Mo.App.1987) the court stated that the term "reasonable doubt" carries a basic inherent meaning. *See Smith v. Bordenkircher*, 718 F.2d 1273 (4th Cir.1983), *cert. den.*, 466 U.S. 976, 104 S.Ct. 2355, 80 L.Ed. 2d 828 (1984). The sufficiency of this meaning, the *Pendergrass* court stated,

was recognized by MAI–CR 2.20 and MAI–CR 2d 2.20 and is now embodied in MAI–CR 3d 302.04. There are many uses of the term. *See Pendergrass, supra*, 726 S.W.2d at 835; *United States v. Littlefield*, 840 F.2d 143 (1st Cir.1988). Reasonable doubt is not suspicion, or probability, or a hunch or a possibility of doubt. If the trier of fact is firmly convinced after consideration of all the evidence, the defendant is guilty, this standard is satisfied. The standard is noted in MAI–CR 3d 302.04. *See* § 546.070(4), R.S.Mo.1986; Richardson *CLE, Committee Comments on Mo. Approved Criminal Instructions, Chapter Burden of Proof; Reasonable Doubt*, at 9–17 (1974).

Here there was the testimony of Mrs. Parker that appellant came around the curve traveling at a high rate of speed, and there was evidence of Trooper Cole's investigation and testimony. Based upon his report and investigation, he concluded that appellant had been driving at an excessive speed for the particular road conditions and eventually issued a citation. His testimony that appellant's conduct in driving was careless and imprudent because of driving "too fast for road conditions" was based upon the tire markings which show that "a vehicle would have to be going at an excessive speed for rounding that curve for the back end to lose traction and for the back end to swing around like the tire track indicated." The trial court, as the trier of facts, may believe or disbelieve the testimony and determine the credibility of the witnesses and the weight to be given. *State v. Hitchcock*, 676 S.W.2d 538, 540 (Mo.App. 1984).

Under the standard of reasonable doubt, *supra*, we cannot say as a matter of law that the evidence was not sufficient to induce a firm belief of the defendant's guilt, or that the trial court abused its discretion. Although evidence may be somewhat contradictory, this does not prevent its constituting substantial evidence so as to sustain a conviction. *State v. Hitchcock, supra; State v. Norwood*, 721 S.W.2d 175 (Mo. App.1986). Upon a careful examination of the whole record, the trial court's judgment

and sentence were not against the weight of the evidence, were supported by substantial evidence and did not erroneously apply the law. *See City of Kansas City v. Reagan,* 553 S.W.2d 552, 554 (Mo.App. 1977).

In his second point, appellant contends that Officer Cole's report and testimony "reflecting the alleged point of impact" was not supported by adequate factual information or foundation.

The issue here is whether appellant was traveling at an excessive speed, not "point of impact." *Cf., State v. White,* 722 S.W.2d 92, 96 (Mo.App.1986); *Housman v. Fiddyment,* 421 S.W.2d 284, 290 (Mo. banc 1967). Officer Cole had been a member of the Missouri State Highway Patrol for several years; he is an experienced officer; his duties consisted of preparing accident reports with a "fair share" of preparing reports of accidents on gravel roads. Based upon his investigation and experience, he could determine the excessiveness of speed from the tire track which was prominent and apparent in the gravel. The tire track left by appellant's vehicle indicated to him that appellant's vehicle would have been traveling at an excessive speed and that excessive speed "for rounding the curve" would have to cause the "back end to lose traction and for the back end to swing around like the tire track indicated." Testimony on speed from an experienced officer is admissible. *State v. Calvert,* 682 S.W.2d 474, 480 (Mo. banc 1984).

There was adequate and sufficient information and foundation to demonstrate Officer Cole's expertise and ability to testify as to appellant's excessive speed, and the trial court did not err in admitting the accident report or Officer Cole's testimony.

Determination of the expertise and the admissibility of evidence is a matter within the sound discretion of the trial court. The appellate court will not interfere unless it plainly and clearly appears that there has been an abuse of discretion. *Cheek v. Weiss,* 615 S.W.2d 453, 456 (Mo.App.1981); *Edwards v. Rudowicz,* 368 S.W.2d 503, 506 (Mo.App.1963); *State v. Miles,* 720 S.W.2d 35, 36 (Mo.App.1986); *Kansas City v. Hill,* 442 S.W.2d 89, 92 (Mo.App.1969); *State v. Neal,* 624 S.W.2d 182, 183 (Mo.App.1981)— witness may acquire knowledge from experience.

The trial court is in a superior position to assess the probative value and competency of evidence, and it has considerable discretion in admitting such evidence. *State v. Reilly,* 674 S.W.2d 530, 533 (Mo. banc 1984).

The authorities relied upon by appellant for his second point are distinguishable.

We have carefully reviewed the record and the contentions of appellant and find no reversible error.

The judgment is affirmed.

PUDLOWSKI, C.J., and CARL R. GAERTNER, J., concur.