STATE of Missouri, Respondent,

v.

**Daxe J. SYKES, Appellant.**

**No. WD 60088.**

Missouri Court of Appeals, Western District.

Oct. 8, 2002.

---

Tara L. Jensen, Assistant Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Assistant Attorney General, Kansas City, for Respondent.

PAUL M. SPINDEN, Judge.

A jury convicted Daxe J. Sykes of three counts of robbery in the first degree—two counts involved robbing two hotels and the third involved taking a hotel employee's purse. Sykes contends that the circuit court plainly erred in entering judgment on the jury's verdict and sentencing him for robbing the employee's purse because it violated his right to be free from double jeopardy. We need not address Sykes' contention of double jeopardy violation because the state did not present sufficient evidence to convict Sykes of robbing the employee's purse. The state concedes the insufficiency of its evidence in regard to this count; therefore, we reverse the circuit court's judgment and vacate Sykes' conviction on this count.

■ Although Sykes does not raise the sufficiency of the evidence as an issue in this appeal, we may consider it *sua sponte.* *State v. Hurd,* 657 S.W.2d 337, 338–39 (Mo.App.1983). "If the evidence is insufficient to sustain a conviction, plain error affecting substantial rights is involved from which manifest injustice must have resulted." *State v. Withrow,* 8 S.W.3d 75, 77 (Mo. banc 1999); *State v. McClunie,* 438 S.W.2d 267, 268 (Mo.1969); Rule 30.20. We, therefore, exercise the discretion granted to us by Rule 30.20 to consider this issue as plain error.

In Count III, a jury found Sykes guilty of forcibly taking Heather Henslee's purse as he was leaving the Sumner Suites hotel. In Count II, the jury found that Sykes used a firearm to threaten Henslee, a night auditor at the hotel, and forcibly took money belonging to the hotel.

■ In its opening argument, the state argued that the evidence would show that, when the victim turned around and opened her eyes, she noticed that her purse, which Sykes had just asked about, was missing. The obvious inference was that Sykes took the purse while the victim's back was turned. Opening statements by the attorneys, of course, are not evidence, and the circuit court informed the jury of this by an instruction patterned on MAI–CR3d 302.02.

In the state's case against Sykes, Henslee testified, "He goes to leave and notices that my purse and carryall are sitting

at a counter and he asks if they're mine and I said, 'Yes.' And he left." This was the only evidence concerning Sykes' alleged theft of the purse. It simply did not support an inference that Sykes left the hotel with the purse or that he forcibly stole it from Henslee. The jury did not hear any evidence that the purse was even taken. Hence, because this was not sufficient evidence to establish beyond a reasonable doubt that Sykes forcibly took Henslee's purse, we reverse the circuit court's judgment and vacate the conviction and sentence under Count III for robbery in the first degree. As to the remaining two counts, we affirm the circuit court's judgment as unchallenged by Sykes.

ROBERT G. ULRICH, Presiding Judge, and EDWIN H. SMITH, Judge, concur.