STATE of Missouri, Plaintiff–Respondent,

v.

Joshua L. KIMES, Defendant–Appellant.

No. 28138.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 15, 2007.

Application for Transfer Denied Sept. 6, 2007.

Application for Transfer Denied Oct. 30, 2007.

John E. Kelly, Springfield, MO, for appellant.

R. Tiffany Yarnell, Assistant Prosecuting Attorney for Greene County, Springfield, MO, for respondent.

GARY W. LYNCH, Chief Judge.

Joshua L. Kimes ("Defendant") was found guilty following a court trial of committing the infraction of speeding, in violation of section 304.130.[1] The trial court sentenced him to serve ten days in jail, execution of which was suspended, and to complete a defensive driving course. Defendant appeals, contending the evidence was insufficient to find him guilty beyond a reasonable doubt of speeding. Defendant argues that the uncorroborated opinion testimony of a police officer that Defendant was speeding does not constitute sufficient evidence to convict him of speeding within the meaning of *City of Kansas City*

---

1. All references to statutes are to RSMo 2000.

*v. Oxley,* 579 S.W.2d 113 (Mo. banc 1979). We disagree with Defendant's bright line interpretation of the holding in *Oxley,* find that the opinion testimony of the officer in this case is sufficient evidence supporting Defendant's guilt, and affirm such finding. But, finding plain error in Defendant's ten-day jail sentence for an infraction, which may only be punished by a fine, we reverse the sentence and remand for re-sentencing.

### (1) Factual and Procedural Background

Viewing the evidence in the light most favorable to the trial court's judgment, *City of Springfield v. Waddell,* 904 S.W.2d 499, 503 (Mo.App.1995), the following facts were adduced at trial:

On February 17, 2006, Officer Roger Lee of the Greene County Sheriff's Department was using a radar unit to track the speed of vehicles traveling through the 5000 block of South Farm Road 135 in Greene County, Missouri. Officer Lee first saw the Nissan Pathfinder driven by Defendant when it was about 100 yards away from him. At trial, the prosecutor asked Officer Lee:

Q. . . . . [I]n your capacity as a law enforcement officer, have you observed vehicles in motion before?

A. Yes.

Q. Okay. And based on your training and experience, do you have an estimate of what the Pathfinder['s] speed was at that time?

A. Yeah. I estimated it to be about 35 miles an hour.

Q. And do you recall what the posted speed limit in that area was?

A. At that point, at that time of day, it was a 20 mile an hour school zone.

\* \* \* \*

Q. Okay. Did the Pathfinder's speed register on your radar unit?

A. Yes, it did.

Q. After it registered, what did you do[?]

A. I initiated a traffic stop of the vehicle and contacted the driver.

The prosecutor proceeded to question Officer Lee about the procedures he used that day to test the accuracy of the radar unit. Officer Lee testified he had tested the unit with tuning forks earlier that morning. When the prosecutor asked Officer Lee what speed the radar unit had registered for the Pathfinder, defense counsel objected on the ground that a proper foundation had not been laid as to the proper functioning of the equipment. That objection was sustained.

Defendant did not cross-examine Officer Lee, and the State rested. Defendant did not offer any evidence. The trial court found that Defendant was guilty of speeding beyond a reasonable doubt. That finding was based solely on Officer Lee's "testimony on observation" and not on radar evidence. Defendant was sentenced to serve ten days in jail, execution of which was suspended, and to complete a defensive driving course. This appeal followed.

### (2) Standard of Review

In reviewing the sufficiency of the evidence to support the trial court's judgment, this court must determine whether substantial evidence exists from which a reasonable fact-finder might have found Defendant guilty beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405, 411 (Mo. banc 1993). "Substantial evidence is evidence from which the trier of fact could reasonably find the issue in harmony with the verdict." *State v. Pittman,* 167 S.W.3d 232, 234 (Mo.App. 2005). Because it is the fact-finder's duty to weigh the evidence and determine the

credibility of witnesses, we accept as true all evidence favorable to the State and all reasonable inferences drawn therefrom, and we disregard all evidence and inferences to the contrary. *Grim,* 854 S.W.2d at 405, 411; *Pittman,* 167 S.W.3d at 234.

### (3) Discussion

In his sole point relied on, Defendant contends the trial court erred in finding him guilty beyond a reasonable doubt of speeding, because there was insufficient evidence to support such a finding. Defendant argues that the uncorroborated opinion testimony of Officer Lee that Defendant was speeding does not constitute substantial evidence of speeding within the meaning of *City of Kansas City v. Oxley, supra.*[2] Defendant argues that *Oxley* held that an officer's visual estimate alone of a defendant's speed cannot constitute substantial evidence of speeding. However, the Supreme Court in *Oxley* did not hold that an officer's opinion testimony alone can never constitute substantial evidence of speeding; rather, the Court held that *under the facts of that case* the officer's uncorroborated opinion testimony alone that the defendant was exceeding the speed limit did not constitute substantial evidence of speeding. 579 S.W.2d at 116. *See also City of Jackson v. Langford,* 648 S.W.2d 927, 930 n. 3 (Mo.App.1983) ("Some writers have suggested that a speeding case can never be made with opinion evidence alone. We do not read *Oxley* that broadly."); *State v. Cusumano,* 819 S.W.2d 59, 60 n. 2 (Mo.App.1991) ("[W]e read *Langford* and *Oxley* to stand only for the proposition that the specific, uncorroborated opinion evidence involved in those cases did not rise to the level of substantial evidence."). Because the review of this issue involves a fact-specific analysis, we must begin by looking at the facts in *Oxley.*

A police officer who was using radar to check the speeds of vehicles traveling along a stretch of highway first spotted Oxley's vehicle when it was about one and a half city blocks away. *Oxley,* 579 S.W.2d at 114. The officer testified at the hearing that based on his experience as a police officer, he estimated Oxley's vehicle was traveling at about 45 miles per hour, which was ten miles over the posted speed limit of 35 miles per hour. *Id.* He checked Oxley's speed with his radar, then pulled him over, and issued him a ticket for "[d]riving 45 M.P.H. in 35[r]adar." *Id.* At the hearing, defense counsel objected to the admission of the radar evidence on the ground that the certificates of accuracy for the tuning forks were hearsay, and the objection was sustained. *Id.* The court found Oxley was guilty beyond a reasonable doubt of speeding, based solely on the officer's opinion evidence and not on the radar evidence. *Id.* On appeal, the Supreme Court reversed the trial court's finding, holding that under the facts of the case, the uncorroborated testimonial opinion of the officer as to Oxley's rate of speed was not substantial evidence upon which to support a finding of guilt. *Id.* at 116.

Here, Defendant asserts that "the facts in this case do not differ materially from the facts" in *Oxley.* Defendant points out that the defendants in each case were found guilty by the trial court based on the officers' visual estimate of speed. But Defendant fails to point out or discuss one distinguishing fact between this case and

---

**2.** Defendant did not object to the admission of Officer Lee's opinion of his speed, nor does he challenge the admissibility of Officer Lee's opinion in his point relied on. For these reasons, the issue of whether a proper foundation was laid for the admission of this testimony is not before us for our consideration.

*Oxley.* In this case, Officer Lee's opinion was that Defendant was driving 35 m.p.h. in a 20 m.p.h. speed zone, whereas in *Oxley,* the officer's opinion was that the defendant was driving 45 m.p.h. in a 35 m.p.h. speed zone.[3] The application of the principles discussed in *Oxley* to this factual difference leads us to conclude that the trial court's decision in this case is not contrary to the holding in *Oxley.*

In *Oxley,* the Supreme Court noted that "the variance between the estimated speed and the posted speed *was not great.*" *Id.* at 116 (emphasis added). Oxley was estimated to be driving 45 m.p.h. in a 35 m.p.h. zone. In other words, the officer's opinion of the estimated speed exceeded the speed limit by only 29 percent of that limit.[4] In discussing the sufficiency of this variance, the court examined and considered *People v. Olsen,* 22 N.Y.2d 230, 292 N.Y.S.2d 420, 239 N.E.2d 354 (1968), in which the officer's estimate that the defendant's speed was between 50 and 55 m.p.h. in a 30 m.p.h. zone was held sufficient to support the defendant's guilt. *Id.* That variance—67 to 83 percent in excess of the speed limit—was characterized by the *Oxley* court as being "wide," and the court further observed that the *Olsen* "court gave the clear impression that such opinion evidence may well not be sufficient if the variance were less." *Id.* The language in *Olsen* which supported this clear impression was:

> A police officer's estimate that a defendant was traveling at 50 to 55 miles per hour in a 30–mile–an–hour zone should be sufficient to sustain a conviction for speeding. On the other hand, his testimony, absent mechanical corroboration, that a vehicle was proceeding at 35 or 40

miles per hour in the same zone might for obvious reason be insufficient, since, it must be assumed that only a mechanical device could detect such a *slight variance* with accuracy sufficient to satisfy the burden necessary to sustain a conviction.

*People v. Olsen,* 22 N.Y.2d at 232, 239 N.E.2d at 355, 292 N.Y.S.2d at 422. (emphasis added). The *Oxley* court used the "slight variance" analysis in *Olsen* to distinguish *Olsen* from the facts before it and to buttress its conclusion that the officer's uncorroborated opinion of Oxley's speed, which was only 29 percent above the speed limit, "was not great," i.e., a slight variance, and therefore, was not sufficient substantial evidence upon which to support the defendant's guilt. *Oxley,* 579 S.W.2d at 116.

■ Here, Officer Lee estimated Defendant to be driving 35 m.p.h. in a 20 m.p.h. zone, which is a variance of 75 percent in excess of the speed limit. This is not a slight variance. Indeed, our Supreme Court in *Oxley* referred to the 67 to 83 percent variance in *Olsen* as a "wide" variance. Thus, this case is distinguishable from *Oxley,* in that here there was a great variance from the posted speed limit.

This case is also distinguishable from *Langford, supra,* which Defendant cites in support of his argument that an officer's opinion testimony alone cannot constitute substantial evidence of speeding. In *Langford,* two police officers testified that the radar unit they were using to track the speed of vehicles traveling along a highway detected the defendant's vehicle was traveling 55 m.p.h. in a 40 m.p.h. zone. *Lang-*

---

**3.** Under our standard of review, in viewing the evidence in the light most favorable to the state we consider both of these statements as being true, leaving any credibility determina-

tions for the finder of fact. *Oxley,* 579 S.W.2d at 115.

**4.** All percentages in this opinion are rounded to the nearest whole percent.

*ford,* 648 S.W.2d at 928. They issued him a traffic citation for speeding, and defendant was convicted following a jury trial. *Id.* Defendant appealed, arguing the state failed to make a submissible case because the city failed to establish the radar equipment was accurate and functioning properly. *Id.* After reviewing the relevant evidence that was introduced by the state, the Western District agreed that the city failed to make a *prima facie* case that the radar was functioning properly and reversed defendant's conviction. *Id.* at 929–30. In so holding, the court stated: "Although both [officers] testified the defendant was traveling in excess of the speed limit, that opinion evidence in the circumstances here, does not constitute sufficient substantial evidence to find defendant guilty beyond a reasonable doubt." *Id.* at 930 (citing *Oxley,* 579 S.W.2d 113). Like *Oxley,* that holding was limited to the facts of that case, and there is no evidence in *Langford* that the officers testified to their visual estimate of defendant's speed, apart from using the radar. Further, neither officer testified that their estimation of speed exceeded the 55 m.p.h. shown on the excluded radar, so that at best the variance between the estimated speed (55 m.p.h.) and the 40 m.p.h. speed limit was 37 percent of the speed limit. Because the variance in the case at bar is more than double this variance, the case before us is distinguishable from *Langford.*

Neither *Oxley* nor *Langford* addressed the question presented in the instant case of whether the uncorroborated testimony of a police officer is sufficient substantial evidence to support a defendant's guilt where the variance between the estimated speed and the speed limit is not slight. Apparently this question is one of first impression in Missouri, as neither party

has cited us to any controlling authority on point, and our research has found none.

■ While an experienced officer cannot testify as to the exact speed of a vehicle with precise accuracy, it does not mean that such testimony should be ignored in all cases. *Olsen,* 292 N.Y.S.2d 420, 239 N.E.2d at 355. This is so because as the variance between the estimated speed and the speed limit increases, the level of certainty from which a fact-finder can conclude that a defendant is exceeding that speed limit also increases. For example, where an officer's estimation of speed is 60 m.p.h., a fact-finder cannot conclude with any degree of certainty that a defendant was exceeding a 55 m.p.h. speed limit, because the accuracy of human estimation of speed cannot easily, readily, and accurately discriminate between such small variations in speed. Yet, that same fact-finder, based upon that same 60 m.p.h. estimation of speed, could conclude beyond a reasonable doubt that a defendant was exceeding a 20 m.p.h. limit. This is so because the variance between the estimated speed and the speed limit falls within the margin of error of accuracy within which an experienced person can discriminate between the two speeds.

In considering the 29 percent variance in *Oxley,* the court implicitly acknowledged that the margin of error of accuracy for even an experienced estimation of speed falls *outside* of 26 m.p.h. in a 20 m.p.h. speed zone, 45 m.p.h. in a 35 m.p.h. speed zone, or 71 m.p.h. in a 55 m.p.h. speed zone. But in analyzing the 75 percent variance in the case at bar, we are convinced that a fact-finder could conclude that the margin of error within which an estimated speed is accurate beyond a reasonable doubt falls *inside* not only 35 m.p.h. in a 20 m.p.h. zone,[5] but also 61

5. In fact, the trial court based its finding on

the reasoning that 20 miles per hour is such a

m.p.h. in a 35 m.p.h. zone, and 96 m.p.h. in a 55 m.p.h. zone. Because of this, a reasonable fact-finder could conclude beyond a reasonable doubt that a defendant was exceeding the speed limit based upon an experienced police officer's estimation of a speed which is 75 percent or greater than that speed limit. *Accord Olsen*, 292 N.Y.S.2d 420, 239 N.E.2d at 355. For this reason, we conclude that sufficient substantial evidence supported the trial court's determination of defendant's guilt.

■ Although Defendant has not raised the imposition of his ten-day jail sentence as an issue on this appeal, we are compelled to *sua sponte* review it for plain error according to Rule 30.20.[6] *State v. Burgess*, 800 S.W.2d 743, 746 (Mo. banc 1990) (reviewed issue for plain error *sua sponte* under Rule 29.12(b), which contains identical language to Rule 30.20); *State v. Meanor*, 863 S.W.2d 884, 891 (Mo. banc 1993)(Robertson, J., concurring in part and dissenting in part) ("Rule 30.20 permits an appellate court to consider plain error *sua sponte*."); *State v. Sykes*, 85 S.W.3d 762, 763 (Mo.App.2002) (Rule 30.20 grants an appellate court the discretion to review an issue not raised by defendant for plain error). "Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20.

■ Infractions are not punishable by jail time. *St. Louis County v. Corse*, 913 S.W.2d 79, 81 (Mo.App.1995); section 560.016. The maximum sentence Defendant could have received on his conviction for the infraction of speeding was a fine of two hundred dollars. Sections 304.140,

560.016. "A sentence which is in excess of that authorized by law is beyond the jurisdiction of the sentencing court." *State v. Manley*, 223 S.W.3d 887, 892–93 (Mo.App. 2007). Therefore, it was plain error for the trial court to impose a ten-day jail sentence, and Defendant suffered manifest injustice as a result. *Id.; State v. Hooper*, 801 S.W.2d 717, 721 (Mo.App.1990) (absent case being remanded for sentencing, defendant would suffer manifest injustice as a result of sentence which exceeded statutory maximum); *State v. Freeman*, 791 S.W.2d 471, 473 (Mo.App.1990) (case remanded for resentencing because defendant's sentence exceeded maximum sentence that could be imposed as of date of sentencing). Consequently, the sentence of the trial court is reversed, and the case is remanded for re-sentencing only. *Manley*, 223 S.W.3d at 893.

### (4) Decision

The judgment of the trial court finding Defendant guilty of speeding as charged is affirmed. The judgment of the trial court sentencing Defendant to serve ten days in jail is reversed and remanded only for the purpose of re-sentencing Defendant within the range of punishment for an infraction under section 560.016.

BARNEY, P.J., and GARRISON, J., concur.

---

slow speed, that not only an experienced police officer, but also a layperson, can detect when someone is exceeding that speed by 15 miles per hour.

**6.** All references to rules are to Missouri Court Rules (2006).