Gary D. Witt, Judge
Russell Renfrow appeals his convictions for felony forcible rape under § 566.030, RSMo,[1] and misdemeanor second-degree child molestation under § 566.068, RSMo. Renfrow argues that the circuit court plainly erred in permitting his probation officer to testify to incriminatory statements Renfrow had made, in violation of § 559.125.2, RSMo. Renfrow also argues that his conviction for second-degree child molestation should be reversed, because § 566.068 should be interpreted to only apply to offenders who are 21 years of age or older. We affirm.
Factual Background[2]
Renfrow was convicted of forcible rape, an unclassified felony under § 566.030 RSMo, and second-degree child molestation, a misdemeanor under § 566.068 RSMo, following a bench trial in the Circuit Court of Saline County.[3] The circuit court sentenced Renfrow to a twenty-five year term of imprisonment on the forcible *842 rape conviction, and to a one-year term for child molestation, with the sentences to run concurrently.
Renfrew’s convictions arose out of incidents in 2013 involving a 15-year-old female victim.[4] Renfrow was 18 years old at the time of the incidents in question.
According to the evidence at trial, Ren-frow encountered the victim outside a high-school football game in Marshall in 2013. Renfrow and the victim had previously dated. Renfrow called to the victim. After she approached and spoke to him, he led her to an area behind a grocery store. Renfrow forced the victim to lie down on the ramp of the grocery store’s loading dock. Renfrow then proceeded to partially remove the victim’s clothes and engaged in sexual intercourse with the victim against her will. Renfrow had his hand around the victim’s throat during the incident, and at some point the victim lost consciousness, Renfrow fled the scene before she awoke.
After regaining- consciousness the victim returned to the football game, where witnesses saw that she was in distress. The victim reported what had happened to emergency medical personnel who were stationed at the ¡game. She was taken to the hospital, where a sexual assault examination was conducted. The nurse conducting the examination found genital trauma inconsistent with consensual sex. The Highway Patrol Crime Lab tested samples collected during the victim’s sexual assault examination. A sample collected from the victim’s genital area was consistent with semen. A DNA analyst testified that the genetic profile of this sample was consistent with Renfrew's .profile, with an approximate frequency of one in 1.314 trillion in- the Caucasian population, and one in 96,71 trillion in the African-American population.
During the trial, the Court heard testimony from the victim, witnesses from the football game, police, and medical personnel. The Court also heard testimony from Renfrew’s probation officer, Lauren Bartlett. Bartlett testified regarding a conversation she had with Renfrow regarding the incident, as well as about Renfrew's previous relationship with the victim. According to Bartlett, Renfrow was initially inconsistent regarding his whereabouts on the day the rape occurred, but ultimately admitted that he “probably had [had sex with the victim], but he couldn’t remember” due to certain drugs he had been taking. Renfrow later told Bartlett that the victim had “stalked” him, and that she instigated their sexual encounter at the football game.
Bartlett also testified that Renfrow “stated he believed that they had had sex twice when they dated,” which the victim testified was between October 2012 and February 2013. This prior consensual sexual. relationship was the basis for the-misdemeanor second-degree child molestation charge based on the victim’s age at the time.
Following his conviction and sentencing, Renfrow filed this appeal.
Analysis
I.
In his first Point, Renfrow claims that his conviction for forcible rape should be reversed, because “the trial court plainly erred in allov/ing [his] probation officer to testify regarding statements [he] made to her,” in violation of § 559.125.2, RSMo. (emphasis added).
Appellant concedes that he did not preserve this claim of error for appellate review and requests this Court to engage in plain error review. Under plain error reviéw, the defendant must show *843 that an evident, obvious, and clear error affected a substantial right resulting in manifest injustice or a miscarriage -of justice. Rule 30.20. It is the defendant’s burden to demonstrate plain error.
State v, Williams, 427 S.W.3d 259, 266-67 (Mo.App.E.D.2014) (citation and footnote omitted).
Section 559.125.2 provides:
Information and data obtained by a probation or parole officer shall be privileged information and shall not be receivable in any court. Such information shall not be disclosed directly or indirectly to anyone other than the members of a parole board and the judge entitled to receive reports, except the court or the board may in its discretion permit the inspection of the report, or parts of such report, by the defendant, or offender or his attorney, or other person having a proper interest therein.
We explained the purpose and operation of § 559.125.2 in Richardson v. Sherwood, 337 S.W.3d 58 (Mo.App.W.D.2011):
We see no argument that the statute does not mean exactly what it says, which is that “such information” shall not be disclosed to anyone other than the named individuals. ... [¶] The purpose of the statute is that the probationer know that information learned by the probation officer will be held in confidence, subject only to specific exceptions. Information obtained by the probation officer is to be regarded as privileged information, and “shall not be disclosed directly or indirectly to anyone other than the members of a parole board arid the judge entitled to receive such reports_” [¶] The statute does not authorize discretion.
Id. at 65 (citation omitted).
In Richardson, we held that a probation officer had violated § 559.125.2 when she disclosed that a prpbationer was using crack cocaine to his employer, a trucking company:
[The probation officer] was bound by law not to disclose privileged, confidential information. The statute takes no notice of whether .the employer would have benefited from that information and would have had-a legitimate interest in the information. The statute also takes no notice of whether the withholding of information from the employer could have jeopardized the public.
Id. Similarly, in Williams v. State, 168 S.W.3d 433 (Mo.banc 2005), the Missouri Supreme Court held that- a trial court did not err in denying a capital-murder defendant’s request for disclosure of probation and parole records of two prosecution witnesses who testified that the defendant had made incriminating statements to them. Although the defendant was facing the death penalty and sought information concerning two of the State’s primary witnesses against him, the Supreme Court held that the defendant was not entitled to discovery because “the probation and parole records are confidential under section 559.125, RSMo,2000”). Id. at 445.
The statute unambiguously provides that the information Renfrow provided to Bartlett “shall be privileged information,” and that this information “shall not be receivable in any court.” The State does not argue that allowing Bartlett to testify was consistent with § 559.125.2, or that any of the exceptions to the statutory privilege are applicable here. The admission of Bartlett’s testimony violated the terms of § 559.125.2. However, no objection was raised as to this testimony and the terms of this statute were never presented to the trial court. We do not convict the trial court of error when it was never given an opportunity to correct such error. State v. Lewis, 243 S.W.3d 523, 525 (Mo.App.W.D. *844 2008). Renfrow’s only avenue for relief is pursuant to plain error review.
In order to justify reversal for plain error, a defendant must demonstrate that error in the circuit court resulted in a manifest injustice. “Under Missouri law, plain error can serve as the basis for granting a new trial on direct' appeal only if the error was outcome determinative.” State v. Baxter, 204 S.W.3d 650, 652 (Mo. banc 2006) (quoting Deck v. State, 68 S.W.3d 418, 427 (Mo.banc 2002)). “Missouri courts have consistently held that no manifest injustice or miscarriage of justice results when guilt is established by overwhelming evidence.” State v. Barnaby, 91 S.W.3d 221, 228 (Mo.App.W.D.2002); see also, e.g., State v. Walter, 479 S.W.3d 118, 131 (Mo.banc 2016) (“Overwhelming evidence of guilt may lead an appellate court to find that a defendant was not prejudiced by trial court error.”).
Renfrow’s guilt of the felony forcible rape charge was established by overwhelming evidence. At trial, the Court heard detailed testimony from the victim regarding the rape, and from two witnesses who described the victim’s distraught state shortly after the rape occurred. The nurse who conducted the victim’s physical examination testified that the victim had two abrasions on her back (consistent with having lain on a concrete surface during the attack), a suction or bite mark on her left breast (consistent with the victim’s description of Renfrow’s actions), and a one-centimeter laceration on her labia. The nurse testified that the laceration on the victim’s genitals was a “major trauma” and was “very uncommon,” because “it takes a lot of trauma, a lot of blunt trauma to actually lacerate that area.” She testified that this laceration was not consistent with a consensual sex act, and that in twelve years of practice in gynecological clinics, she had never seen such an injury result from consensual sex. A laboratory analyst also testified that a sample taken from the victim’s genital area was consistent with sperm, and that the DNA profile taken from this sample matched Renfrow’s genetic profile to an extremely high degree of certainty. This evidence can fairly be characterized as overwhelming.
In addition, as Renfrow concedes, the evidence which he challenges, his “statements to the probation officer [concerning the rape] were not a confession.” Renfrow stated only that he may have engaged in sexual intercourse with the victim. He described the incident as consensual, and described the victim as the aggressor in their encounter. See State v. Evenson, 35 S.W.3d 486, 492 (Mo.App.S.D.2000) (finding no manifest injustice in admission of defendant’s statements to probation officer, where defendant admitted to engaging in anal sex with the victim, but “never characterized the incident as being non-consensual,” and “never admitted to an attempted sexual assault”).
It is also significant that Renfrow was convicted following a bench trial. “In a bench trial, we presume the trial court disregards improper evidence in reaching its judgment, unless the record was clear the trial court considered and relied on the inadmissible evidence.” State v. Galvin, 483 S.W.3d 462, 466 (Mo.App.E.D.2016) (citing State v. Ernst, 164 S.W.3d 70, 74-75 (Mo.App.S.D.2005)). Here, the trial judge’s detailed comments from the bench following the conclusion of the trial, explaining the basis for the court’s decision, establish that the court relied on other evidence— not the probation officer’s testimony — to find Renfrow guilty of forcible rape. In explaining its guilty verdict, the court explained that it relied on the victim’s testimony as to what happened, the nurse’s *845 testimony as to her physical findings, and the results of the DNA testing. The court also considered the fact that two hours apparently elapsed between when the victim was to meet her cousin at the gate to the high school football stadium, and when she appeared following the rape; the court stated'that this time lapse was “consistent with the fact that [the victim] was passed out, choked out, or in any event she blacked out for a period of time and that she woke up.” The trial court’s explanation of the basis, for fits decision defeats any finding of manifest injustice with respect to Renfrow’s conviction for forcible rape.
We reject Renfrow’s argument that his conviction of forcible rape should be reversed based on the admission of the probation officer’s testimony.
For the first time in his Reply Brief, Renfrow argues that, even if we affirm the forcible rape conviction, his conviction for misdemeanor child molestation should be reversed due to the erroneous admission of the probation officer’s testimony. We refuse to consider this claim. Fairly read, the first point in Renfrow’s opening Brief argues that the erroneous admission of Bartlett’s testimony should result in reversal of only his conviction for forcible rape; Renfrow’s opening Brief does not argue that the trial court’s ruling justifies reversal of his child-molestation conviction. We will not consider issues raised for the first time in a reply brief, to which the State has had no opportunity to respond. See, e.g., State v. Plunkett, 487 S.W.3d 480, 489 n. 7 (Mo.App.S.D.2016) (“Defendant is not permitted to amend his claim of error in his reply brief .... ‘A claim of error first set forth in a reply brief does not present'an issue for appellate review.’” (citation omitted)); State v. Coleman, 449 S.W.3d 387, 389 n. 1 (Mo. App.E.D.2014) (same). This is particularly true when we are addressing a request for plain error review of an issue that was never raised before the trial court and then an entirely new argument is brought forth for the first time in the reply brief.
The dissent arguefe that we read Ren-frow’s argument too narrowly. In support of this argument^ the dissent notes: (1) that the probation officer’s statements re[1] garding Renfrow’s consensual sexual relationship with the victim were raised in the factual statement of the opening brief; (2) Renfrow’s first Point Relied On contends broadly that, allowing the “probation officer to testify regarding statements Mr. Renfrow had made to her” resulted in manifest injustice; and (3) Renfrow prays that this Court reverse his convictions —as opposed to conviction. We find such a cobbling together of facts ignores a plain reading of Renfrow’s opening Brief, is unwarranted under the facts of this case, and is unwarranted in plain error review. Ren-frow’s first Point Relied On makes no mention of the probation officer’s testimony of the consensual- sexual relationship between Renfrow and the victim. Nor does it make any mention of his child molestation conviction. It does,' however, specifically discuss facts and details surrounding the rape, touched on by the probation officer’s testimony. While the dissent makes much of Renfrow’s request that the court reverse his' convictions plural, it fails to note the proceeding'sentences which only address the forcible rápe conviction. In its totality, the summation paragraph of Ren-frow’s first Point Relied On states:
Without the testimony of Ms. Bartlett, it is likely the trial court would have found Mr. Renfrow not guilty of the crime of forcible rape. Therefore, the fact that the trial court allowed Ms. Bartlett to testify at trial despite the existence of section 559.125.2 constitutes a manifest injustice. This right was. deprivation of his due process rights. Vitek v. Jones, *846 445 U.S. 480, 488, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980). Mr. Renfrow respectfully requests that this Court reverse his convictions and remand this case for a new and fair trial.
(emphasis added). We do not agree with the dissent that the use of the plural of conviction can overcome the plain words of Renfrew’s Point Relied On and the Argument portions of his Brief.that he only challenges his guilt as to .the. crime of forcible, rape. Similarly, we do not believe a reference to overturning both convictions in the conclusion of his Brief, with no argument, adequately preserves the issue for appeal.
The dissent notes that this Court may review a claim of plain error “[wjhether briefed or not” under Rule. 30.20[5] and urges this Court to review Renfrew’s child molestation conviction for plain error. The rule makes clear, however, that such a review is only to be undertaken “when the court finds that manifest injustice or miscarriage of justice has resulted” from the error. We find that there is no manifest injustice justifying discretionary plain error review. Renfrow was sentenced to a one-year sentence for his misdemeanor child-molestation conviction, to run concurrently to his twenty-five year sentence for the felony of,forcible rape. Given that the sentences run concurrently, and given the time which has elapsed since Renfrew’s conviction, it is unclear what (if any) practical effect the reversal of his misdemeanor child-molestation conviction would have. See State v. Nibarger, 304 S.W.3d 199, 205 n. 4 (Mo.App.W.D.2009) (defendant challenged conviction for two counts of child molestation for one act, the court declined to review for plain error but noted, in dicta, that the sentences “were ordered to run concurrent, suggesting an absence of manifest injustice.”). Finally, the victim testified unequivocally that she and Ren-frow engaged in consensual sexual intercourse in February 2013, when she was 15 years old. Her testimony — which the trial court expressly found to be credible — is sufficient to sustain Renfrew’s conviction for child molestation,, without consideration of his admission to his probation officer that he had sex with the victim, when they were dating.
This young rape victim should not have to endure the incredible trauma of testifying again in a new trial over an issue that was never raised before the trial court, not raised until the reply brief before this Court, addresses-only a collateral- misdemeanor charge with a concurrent sentence when the defendant is already serving 25 years on the felony charge, will have no impact on whether the defendant is required to register as a sex offender, and when other credible evidence (the victims testimony) supports the finding of guilt on the charge. We refuse to exercise our discretion to grant plain error relief under these facts.
II.
In his second Point, Renfrow argues that applying § 566.068, RSMo to him leads to an absurd and illogical result, and that the statute should be read to apply only to offenders who are over 21 years of age. Renfrow argues that “it would be illogical to criminalize ‘sexual contact’ between an eighteen-year-old and a fifteen-year-old” under § 566.068, because the legislature has exempted sexual acts involving 18- and 15-year olds from the definitions of second-degree statutory rape and second-degree statutory sodomy. *847 Instead, those statutes only apply if the offender is “twenty-one years of age or older.” §§ 566.034, 566.064, RSMo. Ren-frew. argues • that the age requirements applicable to those offenses should be read into § 566.068.
We are not persuaded. The plain language of § 566.068 contains only a single age requirement: that' the victim is less than seventeen years of age. Although sexual intercourse or deviate sexual intercourse between an 18-year-old and a 15-ye'ar-old may be excluded from the definitions of second-degree statutory rape and second-degree' statutory sodomy, those acts would still be subject to prosecution as second-degree child molestation, because the acts involve “sexual contact.” Thus, the General Assembly has not rendered those actions wholly immune from prosecution, as Renfrew implies. By defining such acts as ■ second-degree child molestation, but not as second-degree statutory rape or second-degree statutory sodomy, the legislature has authorized first-time, nonviolent offenders under twenty-one to be prosecuted for a misdemeanor of child molestation, rather than for the felony of statutory rape or statutory sodomy. The legislature’s decision to subject younger offenders to less severe punishment is hardly absurd or illogical. “The duty and power to define crimes and ordain punishment is exclusively vested in the Legislature.” State ex rel. Williams v. Marsh, 626 S.W.2d 223, 235 (Mo.banc 1982).[6]
Conclusion
We affirm the judgment and sentences of the circuit court, which convicted and sentenced Renfrew for forcible rape and second-degree child molestation.
Judge Gabbert concurs.
Judge Ahuja dissents in part in separate opinion.

. All statutory citations are to RSMo 2000 as currently updated, unless otherwise noted.

. This Court must view the evidence in a light most favorable to the verdict and give the State the benefit of all reasonable inferences. State v. Langdon, 110 S.W.3d 807, 811 (Mo. banc 2003).

.Renfrow was also charged with a second count of second-degree child molestation. The circuit court dismissed the additional child-molestation count in response to Renfrow's motion for judgment of acquittal at the close of all the evidence. Neither party raises any issue in regard to this additional charge and we do not address it further.

. Pursuant to § 566.226, RSMo, we do not use the name of the victim in this opinion.

. ' All rule citations are to the Missouri Supreme Court Rules (2016),-unless othérwise noted.

. Renfrow’s second Point Relied On invokes due-process principles. His argument on Point II, however, discusses the issue as one of statutory construction, and we address it from that perspective. We also reject Ren-frow’s claim that his argument involves the sufficiency of the evidence to convict him. Under his argument in Point II, he could never be convicted of second-degree child molestation for engaging in sexual intercourse with the.victim in February 2013, no matter how strong the evidence.

. State v. Lawrence, 250 S.W,3d 763, 766-68 (Mo.App.S.D.2008) (although "[n]either of the parties’ briefs address the glaring procedural irregularities that occurred below,” holding that "this Court cannot turn a blind eye to what transpired”; reversing assault conviction where trial court convicted defendant based in part on defendant’s admissions when pleading guilty to another charge, and without any waiver by defendant of his right to a trial by jury); State v. Kimes, 234 S.W.3d 584, 590 (Mo.App.S.D.2007) ("Although Defendant has not raised the imposition of his ten-day jail sentence as an issue on this appeal, we are compelled to sua sponte review it for plain error according to Rule 30.20.”; reversing defendant’s jail sentence because "[(Infractions are not punishable by jail time”); State v. *849 Beck, 167 S.W.3d 767, 772-73 (Mo.App.W.D. 2005) (although not argued, on appeal, correcting judgment which convicted appellant of the class B felony of assault in the first degree, where jury verdict only found appellant guilty of the class C felony of assault in the second degree), overruled on other grounds, State v. Bolden, 371 S.W.3d 802, 805-06 (Mo.banc 2012); State v. Collins, 154 S,W.3d 486, 491 (Mo.App.W.D.2005) (although not briefed, reversing judgment to the extent it convicted two defendants of erroneous classes of misdemeanors, as compared to jury’s verdicts); State v. Sykes, 85 S.W.3d 762, 763 (Mo.App.W.D.2002) ("Although Sykes does not raise the sufficiency of the evidence as an issue in this appeal, we may consider it sua sponte.”; conducting sufficiency review and reversing conviction of one count of robbery in the first degree); State v. Montgomery, 64 S.W.3d 328, 332 (Mo.App.E.D.2001) ("For reasons other than those set forth by defendant, his conviction on Count I for sodomy must be reversed.”; although defendant argued that his conviction on Count I should be reversed because the evidence only established deviate sexual intercourse on two occa.sions, not three, the Court reversed on the basis that evidence did not support Count I as submitted,- namely that defendant touched child-victim’s penis with defendant’s hand).